2007-NMCA-019

151 P.3d 88

BANKERS TRUST COMPANY
OF CALIFORNIA, N.S.,
Plaintiff–Appellant,

v.

Patricia BACA and Gina L. Montoya,
Defendants–Appellees.

No. 26,010.

Court of Appeals of New Mexico.

Dec. 5, 2006.

Certiorari Denied, No. 30,166, Jan. 23, 2007.

Sheehan, Sheehan & Stelzner, P.A., Juan L. Flores, Jaime L. Dawes, Albuquerque, NM, for Appellant.

New Mexico Legal Aid, Inc., Lucrecia R. Jaramillo, Craig B. Fretwell, Las Vegas, NM, for Appellees.

## OPINION

SUTIN, Judge.

{1} The district court sua sponte dismissed Plaintiff's foreclosure action without prejudice under Rule 1–041(E)(2) NMRA for failure to take any significant action against Defendants within the previous 180 days. After its motion for reinstatement under Rule 1–041(E)(2) was denied for failure to show good cause, Plaintiff filed a new foreclosure action. In ruling in Defendants' favor on their motion to dismiss Plaintiff's second action, the district court found that Plaintiff's complaint in the second action was "a refilling [sic] of the same case and cause of action, with the same parties, previously before this Court in [the first action], which was dismissed for lack of prosecution, without prejudice, and as to which reinstatement was denied." The district court dismissed this second action with prejudice on the ground that the court's denial of Plaintiff's motion to reinstate was "equivalent to a dismissal with prejudice."

{2} Plaintiff's appeal asserts that the court erred in dismissing its second action with

prejudice. On the chance that this Court disagrees, Plaintiff asks us to apply our ruling prospectively only. We hold that the denial of the motion for reinstatement of the Rule 1–041(E)(2) dismissal without prejudice does not transform that dismissal into one with prejudice. We also hold that the circumstances do not give rise to a res judicata (claim preclusion) defense. Nor, as Defendants contend, is Plaintiff's second action a forbidden collateral attack on the dismissal in the first action or barred because Plaintiff did not appeal the denial of its motion to reinstate and the dismissal in the first action. We, therefore, reverse the district court's dismissal of the second action.

## DISCUSSION

### Standard of Review

{3} We review the issues de novo because the issues require the interpretation of a Rule of Civil Procedure or are otherwise issues of law. *See Cagan v. Vill. of Angel Fire*, 2005–NMCA–059, ¶ 7, 137 N.M. 570, 113 P.3d 393 (stating that we review the application of res judicata de novo); *Becenti v. Becenti*, 2004–NMCA–091, ¶ 6, 136 N.M. 124, 94 P.3d 867 (stating that interpretation and application of the Rules of Civil Procedure are reviewed de novo); *Henry v. Daniel*, 2004–NMCA–016, ¶ 9, 135 N.M. 261, 87 P.3d 541 (stating that issues of law are reviewed de novo).

### Rule 1–041(E)

{4} Depending on the circumstances, dismissal of an action for lack of progress in its prosecution can be either with or without prejudice under Rule 1–041(E). Under Subsection (E)(1), the court may dismiss an action or a claim with prejudice upon motion of any party where a party "has failed to take any significant action to bring such claim to trial or other final disposition within two (2) years from the filing of such action or claim." Rule 1–041(E)(2) permits the court on its own motion or upon motion of a party to dismiss an action or claim "without prejudice . . . if the party filing the action or asserting the claim has failed to take any significant action in connection with the action or claim within the previous one hundred and eighty (180) days." Subsection (E)(2) "was appar-

ently intended to provide a standardized procedure for trial courts to evaluate the intentions of parties and their counsel and to rid their dockets of cases that should not be carried as active cases." *Vigil v. Thriftway Mktg. Corp.*, 117 N.M. 176, 179–80, 870 P.2d 138, 141–42 (Ct.App.1994); *see Cagan*, 2005–NMCA–059, ¶ 13, 137 N.M. 570, 113 P.3d 393 (contrasting Subsection (E)(2) as "designed to serve a different purpose than Subsections (B) and (E)(1)" and also contrasting Subsections (B) and (E)(2), in that (B) "states that, absent the court's indicating otherwise, such a dismissal operates as an adjudication upon the merits" (internal quotation marks and citations omitted)).

{5} A party whose action has been dismissed under Subsection (E)(2) "may move for reinstatement of the case," and, "[u]pon good cause shown, the court shall reinstate the case." Rule 1–041(E)(2). "To 'reinstate a case' means that the case is simply reactivated at the same point in the proceedings where it was dismissed." *Wershaw v. Dimas*, 1996–NMCA–118, 122 N.M. 592, 594, 929 P.2d 984, 986.

{6} An action that is dismissed without prejudice under Rule 1–041(E)(2) cannot proceed except by leave of the court granted for good cause shown on a motion for reinstatement. *See Wershaw*, 122 N.M. at 594, 929 P.2d at 986 (pointing out that under prior procedure, if a case was dismissed for lack of prosecution, a new case was required to be filed, but that under Rule 1–041(E)(2), the party whose case was dismissed need only move for reinstatement and show good cause, and need not file a new complaint in order to proceed); *cf. King v. Lujan*, 98 N.M. 179, 181, 646 P.2d 1243, 1245 (1982) (holding under prior procedure that a sua sponte dismissal without prejudice for lack of prosecution "operates to leave the parties as if no action had been brought at all" and that, "[f]ollowing such dismissal[,] the statute of limitations is deemed not to have been suspended during the period in which the suit was pending"); *Smith v. Walcott*, 85 N.M. 351, 354–55, 512 P.2d 679, 682–83 (1973) (holding under prior procedure that sua sponte dismissal for failure of prosecution under the court's inherent dismissal power

"is final and effectively terminates a case, unless and until it is properly reinstated").

■ {7} Thus, under Rule 1–041(E)(2), a reinstatement reactivates the case "at the same point in the proceedings where it was dismissed," and the plaintiff need not be concerned about the statute of limitations. *Wershaw*, 122 N.M. at 594, 929 P.2d at 986 (stating that where reinstatement occurs, rather than the filing of a new complaint, "the case is simply reactivated, [and] there is no problem with the running of the statute of limitations"). However, if reinstatement is not sought, or is denied, any new action will be subject to the applicable statute of limitations. *See id.* (noting that the applicable statute of limitations is not suspended during the pendency of an action dismissed for failure to prosecute and "[i]f the statute of limitations runs before the complaint is re-filed, the case must be dismissed as being outside the statute of limitations").

{8} Nothing in Rule 1–041(E)(2) or New Mexico case law says that the denial of a motion for reinstatement transforms the dismissal without prejudice into a dismissal with prejudice. Nor does the rule or any New Mexico case say that the denial of a motion for reinstatement under Rule 1–041(E)(2) precludes the party whose action was dismissed without prejudice from instituting a second action with a new complaint, as long as the applicable statute of limitations has not run.

**Dismissal of Plaintiff's Second Action**

■ {9} We see nothing in Rule 1–041(E)(2) indicating any intent to give a dismissal without prejudice, followed by a denial of a motion for reinstatement, either finality or a res judicata effect. Nor do we see anything about the rule or in New Mexico case law that requires a plaintiff to appeal a denial of a motion to reinstate or a dismissal without prejudice under Rule 1–041(E)(2) instead of filing a new action. Where the applicable statute of limitations has not run, we see no policy reason, nor do we see any rationale drawn from a review of Rule 1–041 in its entirety, from principles of finality, from the principles of res judicata, or from the disfavor of collateral attacks on dismissal

orders or judgments, that should bar Plaintiff's second action in the present case. Under Rule 1–041(E)(2), applicable statutes of limitations are meant to be the guard against delay. Denial of a motion for reinstatement engages any applicable statute of limitations if a second action is filed. Neither policy nor rule construction provides an avenue for treating a dismissal without prejudice and a denial of a motion for reinstatement under Rule 1–041(E)(2) as transforming a dismissal without prejudice under Rule 1–041(E)(2) into one with prejudice that also acts as an adjudication on the merits for the purposes of res judicata.

{10} Further, we are unpersuaded that Plaintiff's only avenue after the denial of its motion to reinstate was to appeal the denial and the dismissal. Regardless of whether Plaintiff could have appealed the denial of the reinstatement and the dismissal, we do not think the intent behind the rule was that these determinations have a finality requiring an appeal as the only avenue available to Plaintiff. *Cf. Salazar v. Yellow Freight Sys., Inc.,* 109 N.M. 443, 445, 786 P.2d 57, 59 (Ct.App.1990) ("The phrase 'without prejudice,' when used in an order of dismissal, evinces an intent not to clothe the order with finality and indicates that the order of dismissal was not intended to have a res judicata effect as to the merits of the controversy."). Were an unreinstated dismissal without prejudice under Rule 1–041(E)(2) meant to have such finality, we presume the rule would have used language to indicate such finality or, at the very least, would have indicated an intent that dismissal and failure to reinstate had claim termination consequences beyond that of the applicable statute of limitations.

{11} In sum, in the present case, the dismissal without prejudice under Rule 1–041(E)(2) simply left the action as though it was never filed and thus immune from a later determination that the same dismissal was, instead, with prejudice and with res judicata effect. The denial of reinstatement could not, and did not, transform the dismissal without prejudice into a dismissal with prejudice. Nothing, including a failure to appeal,

prevented Plaintiff from filing a second action, although the second action was subject to any applicable statute of limitations.

## CONCLUSION

{12} We reverse the district court's dismissal of Plaintiff's second action and remand for further proceedings.

{13} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE, Chief Judge, and CELIA FOY CASTILLO, Judge.