This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JOSE DURAN and SANDRA DURAN**
**Individually and as parents of LEROY**
**and ELMER DURAN,**

Plaintiffs-Appellees,

v.                                                                    **NO. 30,074**

**JUANITA BARRIENTOS and**
**NEVADA GENERAL INSURANCE**
**COMPANY,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

David Archuleta
Albuquerque, NM

for Appellees

Allen, Shepherd, Lewis, Syra & Chapman, P.A.
E. W. Shepherd
Loren D. Hatch
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Defendant Juanita Barrientos (Barrientos) appeals the district court's order denying her motion to dismiss based upon the district court's alleged erroneous reinstatement of Plaintiffs' case pursuant to Rule 1-060(B) NMRA. We proposed to reverse in notice of proposed summary disposition, and Plaintiffs have filed a timely memorandum in opposition to our proposed reversal. After reviewing Plaintiffs' memorandum in opposition and remaining unpersuaded, we reverse the district court's order.

**BACKGROUND**

Before turning to the merits of Barrientos' contention that reinstatement was erroneous, we briefly review the proceedings below leading up to the contested order. Plaintiffs filed a lawsuit on July 16, 2007, for injuries received in an automobile accident occurring on July 17, 2004. [App. 2; RP 1-3] The statute of limitations expired one day after the lawsuit was filed. *See* NMSA 1978, § 37-1-8 (1976). Neither Barrientos nor Nevada General Insurance Company ("Nevada General") was served. [App. 2; RP 7]

On February 14, 2008, the district court dismissed the action without prejudice for lack of prosecution and gave any party thirty days to move for reinstatement. [RP 6] *See* Rule 1-041(E)(2) NMRA (stating that the court on its own motion may dismiss without prejudice an action "if the party filing the action or asserting the claim has failed to take any significant action in connection with the action or claim within the previous one hundred and eighty (180) days").

2

Nine months later, on November 18, 2008, Plaintiffs filed a motion to reinstate the case. [RP 7] The motion does not give any reason for reinstatement but merely states that Defendants had not yet been served and that counsel would be filing a motion to file an amended complaint. [RP 7] On the same day, Plaintiffs filed a motion for leave to file an amended complaint to include allegations against Nevada General. [RP 14-19]

Three days later, without conducting a hearing, the district court granted the motion to allow filing of the amended complaint and issued an order reinstating the case. [RP 23-24] Defendants, who had yet to be served, had no notice of the motion to reinstate. [App. 2]

Plaintiffs filed an amended complaint on November 24, 2008, and Defendant Nevada General was served shortly thereafter. [RP 27-30] Nevada General filed an answer on December 17, 2008, including affirmative defenses based on the statute of limitations and insufficiency of process. [RP 34-36]

On January 12, 2009, Nevada General filed a motion to dismiss claiming that the case was erroneously reinstated pursuant to Rule 1-041(E)(2) because reinstatement was sought more than thirty days after the case had been dismissed. [RP 48-52] Plaintiffs responded that the case was properly reinstated pursuant to the district court's inherent authority under Rule 1-060(B). [RP 56-63] They claimed that Defendants were not entitled to notice of the reinstatement because they had not yet been served. [RP 59-60] On April 30, 2009, the district court denied Nevada General's motion to dismiss, but it found that Nevada General had not yet had an

3

opportunity to brief issues relating to reinstatement under Rule 1-060(B) and should be allowed to do so. [RP 132] It then allowed the parties to brief the propriety of reinstatement pursuant to Rule 1-060(B). [RP 132]

While Nevada General's motion was pending, Plaintiffs continued to try to serve Barrientos, but she could not be located. [*See generally* RP 96, 104, 143] Nevada General appeared on behalf of Barrientos, and filed an answer on her behalf on June 29, 2009. [RP 158, 160-162] Nevada General, on behalf of Barrientos, asserted affirmative defenses of insufficiency of process and statute of limitations. [RP 161] The district court denied Plaintiffs' attempts to strike the answer and to obtain default judgment against Barrientos. [RP 271-273]

Barrientos through her counsel filed a motion to dismiss claiming that the case was never properly reinstated under Rule 1-041(E)(2) because reinstatement was not sought within thirty days. [RP 230-232] Plaintiffs responded claiming reinstatement was proper pursuant to Rule 1-060(B). [RP 251-254] Barrientos replied claiming in part that reinstatement under Rule 1-060(B) was improper because Plaintiffs' motion to reinstate failed to satisfy any of the requirements for reinstatement under Rule 1-060(B). [RP 257-261] She noted that Plaintiffs had failed to make any showing that they met the criteria required under Rule 1-060(B) and that the court had failed to hold a hearing to consider the Rule 1-060(B) requirements. [RP 258-261]

The district court denied Barrientos' motion to dismiss. [RP 283] Barrientos filed an application for interlocutory appeal seeking review of that order, and this

Court granted the application and issued its notice proposing to summarily reverse the district court.

**DISCUSSION**

Plaintiffs' complaint could not be reinstated pursuant to Rule 1-041(E)(2) because the motion to reinstate was not filed within thirty days of the order dismissing for failure to prosecute. *See* Rule 1-041(E)(2) (providing that any party may move for reinstatement of the case within thirty days after service of the order of dismissal). Moreover, by the time Plaintiffs sought to reinstate, the statute of limitations had already passed. Therefore, the only way for them to continue their lawsuit without being subject to dismissal based on the expiration of the limitations period was for the original case to be reinstated. *See Bankers Trust Co. of California v. Baca,* 2007-NMCA-019, ¶ 7, 141 N.M. 127, 151 P.3d 88 (filed 2006) (observing that when reinstatement is denied, any new action is subject to the applicable statute of limitations). In order to reinstate the case, Plaintiffs needed to seek relief pursuant to Rule 1-060(B). *See Meiboom v. Watson*, 2000-NMSC-004, ¶ 19, 128 N.M. 536, 994 P.2d 1154.

The district court implicitly recognized the need to reinstate pursuant to Rule 1-060(B) when it allowed Nevada General the opportunity to brief the propriety of the reinstatement pursuant to that rule. [RP 132] "We review the district court's ruling on [the p]laintiffs' Rule 1-060(B) motion for abuse of discretion." *Meiboom*, 2000-NMSC-004, ¶ 29.

In our notice of proposed summary disposition, we proposed to reverse the district court's denial of the motion to dismiss because there is no evidence that Plaintiffs made the requisite showing to warrant reinstatement under Rule 1-060(B). *See Meiboom*, 2000-NMSC-004, ¶ 19 (noting that reinstatement under Rule 1-041(E)(2) only requires a showing of good cause, but relief pursuant to Rule 1-060(B)(6) has a higher standard requiring the moving party to demonstrate exceptional circumstances).

Rule 1-060(B)(1) allows a party to seek relief based on "mistake, inadvertence, surprise or excusable neglect." However, nothing in Plaintiffs' motion indicates they sought reinstatement due to these factors. [RP 7] *See Kinder Morgan CO2 Co., L.P. v. State Taxation & Revenue Dep't,* 2009-NMCA-019, ¶ 23, 145 N.M. 579, 203 P.3d 110 (filed 2008) (noting that the decision on whether Rule 1-060(B)(1) relief should be granted "is to be decided on a case-by-case basis, and the outcome is fact dependent" and acknowledging that in that case there was a showing of "lack of prejudice to either process or parties" thus presenting sufficiently compelling circumstances to warrant relief from the dismissal), *cert. denied*, ___ NMCERT ___, ___ N.M. ___, ___ P.3d ___ (No. 31,424, Jan. 20, 2009). Plaintiffs claim that after filing the motion to reinstate, the district court called counsel and informed him that no hearing would be set on the motion because there were no adverse parties. [MIO 3] They then claim that counsel told the court over the phone that he had recently taken over the case, and that former counsel had failed to serve Defendants or to

6

include Plaintiffs' children in the lawsuit. [MIO 3] At that point, the trial court agreed to reinstate the suit. [MIO 3]

We are not persuaded that a short, apparently off the record, telephone conversation with the district court is sufficient to establish the type of excusable neglect required to warrant relief under Rule 1-060(B). *Kinder Morgan CO2 Co., L.P.*, 2009-NMCA-019, ¶¶ 12-14 (analyzing the meaning of "excusable neglect" and noting that a district court may abuse its discretion in finding excusable neglect and granting relief if there is "any evidence of prejudice to petitioner or to judicial administration in this case, or any indication at all of bad faith" (internal quotation marks and citations omitted)). As the district court made no record or took any evidence as to whether prior counsel's failures constituted excusable neglect before reinstating the case, we are not convinced that the court even considered whether the case presented the type of rare circumstances that would warrant relief. *Id.* ¶ 23 (acknowledging that although relief was appropriate given the showing in this case, this result should "in no way . . . be considered an open door excusing attorney neglect" and stating that "[w]e expect the circumstances in which this ruling applies to be rare").

In our previous notice, we also noted that Plaintiffs failed to make any showing of the exceptional circumstances required for the district court to grant relief under Rule 1-060(B)(6) for "any other reason justifying relief." *Resolution Trust Corp. v. Ferri*, 120 N.M. 320, 323, 901 P.2d 738, 741 (1995). Review of the record indicates that Plaintiffs made no showing whatsoever in their motion to reinstate, much less the

7

exceptional circumstances required for relief pursuant to Rule 1-060(B)(6). [RP 7] *See Meiboom*, 2000-NMSC-004, ¶¶ 19, 33. Finally, we proposed to reverse because there was nothing to indicate that Plaintiffs filed the motion to reinstate within a reasonable time. *See id.* ¶¶ 22, 26 (holding that the plaintiffs failed to file their motion within a reasonable period of time given that the Rule 1-060(B)(6) motion was filed several months after the statute of limitations had expired, over a year after the dismissal, and approximately three months after the plaintiffs learned that their case had been voluntarily dismissed).

In their memorandum in opposition, Plaintiffs set forth the factors that are necessary to warrant relief pursuant to Rule 1-060(B)(1) and claim that they were entitled to relief because the facts in their case meet the criteria set forth in *Kinder Morgan CO2 Co., L.P.* [MIO 6-7] 2009-NMCA-019, ¶¶ 16-20 (setting forth the factors to be considered in determining whether to grant relief due to excusable neglect which include: (1) the danger of prejudice to the non-moving party, (2) the length of the delay and the potential impact of that delay on the judicial proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith). While Plaintiffs may be correct, the record shows that they failed to make this showing when they sought relief from the district court and the district court failed to consider the factors when it granted reinstatement. [RP 7, 24]

In addition, we are not convinced that, had the court considered the factors set forth in *Kinder Morgan*, relief would have been warranted. [MIO 8] Given that the statute of limitations had expired well over a year before the case was reinstated, we

8

are not convinced that Defendants were not prejudiced by the reinstatement. *See id.* ¶ 16 (noting that the non-moving party never argued it was prejudiced by the reinstatement and holding that the Court could perceive of no prejudice in granting the relief requested).

Plaintiffs claim that the limitations period had not expired at the time they filed their amended complaint because Barrientos was absent or concealed within the State and could not be located. [MIO 2-3] We do not consider this relevant to the propriety of the district court's reinstatement for two reasons. First, there is nothing to indicate that Plaintiffs made any attempt to locate Barrientos before filing the amended complaint. Therefore, they have no reason to suspect that she might not have been more easily found if they had attempted to serve her at an earlier point before the limitations period had expired. More importantly, there is nothing in the record to suggest that the district court based its decision to reinstate the case on any representations that Barrientos could not be located. Therefore, we decline to consider this argument on appeal. *See Campos Enters., Inc. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855 (stating that "as a court of review, we cannot review [the p]laintiffs' allegations which were not before the district court").

In sum, we are not convinced that Plaintiffs have established one of the "very few professional negligence circumstances that warrant Rule 1-060(B)(1) relief." *Kinder Morgan CO2 Co., L.P.*, 2009-NMCA-019, ¶ 19. In their memorandum in opposition, Plaintiffs also claim that remand is the proper remedy so that they may introduce testimony regarding the actions of their former counsel and regarding their

9

own diligence after their case was dismissed pursuant to Rule 1-041(E)(2). [MIO 9] We decline to do so because these were matters that Plaintiffs needed to establish before their motion to reinstate was granted. Their failure to do so warrants reversal of the district court's motion to dismiss.

**CONCLUSION**

For the reasons set forth herein and in our previous notice, we reverse the order denying Defendants' motion to dismiss.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**MICHAEL E. VIGIL, Judge**