This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**SHADHAN SWANSON,**

Plaintiff-Appellant,

**v.**                                                    **NO. 29,856**

**TRINIDAD WESSGAR, COTTONWOOD SERVICES, CORINE GALLEGOS, and SANDIA TITLE COMPANY,**

Defendants-Appellees

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

Shadhan Swanson
Albuquerque, NM

Pro Se Appellant

Erenio Gutierrez, Jr.
Albuquerque, NM

for Appellee Corine Gallegos
and Sandia Title Co.

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Plaintiff, pro se, argues the district court erred by denying her motion to reinstate her cause of action. We issued a calendar notice proposing to affirm on

January 26, 2010. Plaintiff issued a memorandum in opposition on February 15, 2010. Remaining unpersuaded, we affirm the district court.

Plaintiff originally filed her complaint for fraud, breach of contract, breach of fiduciary duty, and embezzlement in April 2003. [RP 7] It does not appear the complaint was served on any party until August 2003. [RP 16, 18, 20, 22] Only one defendant answered Plaintiff's complaint [RP 13; DS 2], but we also note it does not appear at least one party, Corine Gallegos has ever been properly served. *See, e.g.,* Rule 1-004(F) NMRA (only permitting service on an individual at his actual place of business under certain circumstances when a copy of the summons and complaint are also mailed to his home address and noting that prior to 2004 the rule did not permit service on an individual at his place of business). Regardless, the district court sua sponte dismissed the case without prejudice for lack of prosecution on December 22, 2004. [RP 24]

Plaintiff filed her motion to reinstate cause of action on May 21, 2009, claiming she had been unaware of the district court's dismissal. [RP 25] After a hearing, the district court denied Plaintiff's motion and entered a dismissal with prejudice. [RP 31] Plaintiff appeals this order. [RP 34]

Rule1-041(E)(2) NMRA states:

> Unless a pretrial scheduling order has been entered pursuant to Rule 1-016 NMRA, the court on its own motion or upon the motion of

a party may dismiss without prejudice the action or any counterclaim, cross-claim or third party claim if the party filing the action or asserting the claim has failed to take any significant action in connection with the action or claim within the previous one hundred and eighty (180) days. A copy of the order of dismissal shall be forthwith mailed by the court to all parties of record in the case. Within thirty (30) days after service of the order of dismissal, any party may move for reinstatement of the case. Upon good cause shown, the court shall reinstate the case and shall enter a pretrial scheduling order pursuant to Rule 1-016 NMRA. At least twice during each calendar year, the court shall review all actions governed by this paragraph.

Here, the district court clearly appears to have been acting within Rule 1-041 when it entered the dismissal without prejudice for lack of prosecution within the proceeding 180 days. Nothing was filed in this case between March 8, 2004, and December 22, 2004, when the district court entered the dismissal. The question therefore is whether the district court erred in denying Plaintiff's motion to reinstate her cause of action and by converting the dismissal without prejudice into a dismissal with prejudice.

By the time Plaintiff sought to reinstate, the statute of limitations for her various claims had already passed. Therefore, the only way for her to continue her lawsuit without being subject to dismissal based on expiration of the limitations period was for the original case to be reinstated.[1] *See Bankers Trust Co. of California v. Baca,* 2007-NMCA-019, ¶ 7, 141 N.M. 127, 151 P.3d 88 (filed 2006) (observing that

---

[1]We also note that it appears at least two of her claims may have been outside the statute of limitations even at the time of the filing of the original complaint.

when reinstatement is denied, any new action is subject to the applicable statute of limitations). However, Plaintiff's complaint could not be reinstated pursuant to Rule 1-041(E)(2) because the motion to reinstate was not filed within thirty days of the order dismissing for failure to prosecute. *See* Rule 1-041(E)(2) (providing that any party may move for reinstatement of the case within thirty days after service of the order of dismissal). As Rule 1-041(E)(2) was no longer available to her, Plaintiff needed to seek reinstatement pursuant to Rule 1-060(B) NMRA. *See e.g.*, *Meiboom v. Watson*, 2000-NMSC-004, ¶ 19, 128 N.M. 536, 994 P.2d 1154.

Even if we were to treat Plaintiff's motion for reinstatement as being brought under Rule 1-060(B), there is no evidence that Plaintiff made the requisite showing to warrant reinstatement under Rule 1-060(B)(1), which allows a party to seek relief based on mistake, inadvertence, surprise or excusable neglect. *See Kinder Morgan CO2 Co. v. State Taxation & Revenue Dep't*, 2009-NMCA-019, ¶ 14, 145 N.M. 579, 203 P.3d 110 (filed 2008) (explaining the decision on a motion for relief from judgment is an equitable one, empowering the court with the discretion, in the rare occasions when appropriate, to grant relief from its own judgments and orders whether the movant acted in good faith). Nor do we propose to find that Plaintiff satisfied the exceptional circumstances requirement of Rule 1-060(B)(6). *Meiboom*, 2000-NMSC-004, ¶ 19 (noting that reinstatement under Rule 1-041(E)(2) only requires a showing

4

of good cause, but relief pursuant to Rule 1-060(B)(6) has a higher standard requiring the moving party to demonstrate exceptional circumstances).  Here the district court did not even find Plaintiff had satisfied the lower standard of good cause.  [RP 31]

Moreover, there is nothing to indicate that she filed the motion to reinstate within a reasonable time.  *See Meiboom,* 2000-NMSC-004,  ¶¶ 22, 26 (holding that the plaintiffs failed to file their motion within a reasonable period of time given that the Rule 1-060(B)(6) motion was filed several months after the statute of limitations had expired, over a year after the dismissal, and approximately three months after the plaintiffs learned that their case had been voluntarily dismissed).  Plaintiff waited more than four years to file her motion to reinstate the case.  She suggests this failure was based on at least partially on her lack of residence,  [RP 25] which might excuse some delay, but we hold four years is outside the realm of a reasonable time period.

We also note Plaintiff claims she was waiting for the district court to rule on a motion for default judgment based on non-appearance. [DS 2; RP 25; MIO 1] That motion was never filed, but was apparently instead returned to her because it was based on the clerk's office's inability to issue a certificate of non-appearance, as Defendants had appeared.  [MIO 1, Ex. A; RP 12]   We note there is nothing indicating when Plaintiff attempted to file this motion or when it was allegedly sent back.   Nor does Plaintiff indicate whether she ever followed up on this issue,

attempting to correct any errors. Moreover, as it appears that at least one Defendant was never properly served, and that the Defendants in question had appeared, we decline to address this argument.

Either way, the motion for default judgment as she attempted to file it was improper. *See Morris v. Merchant*, 77 N.M. 411, 416, 423 P.2d 606, 609 (1967) ("The function of an appellate court is to correct an erroneous result, and it will not correct errors which, even if corrected, will not change the result."). We therefore affirm the district court's denial of Plaintiff's motion to reinstate.

As for converting the order of dismissal without prejudice into an order of dismissal with prejudice, we uphold the district court's order under the right for any reason doctrine. *See State v. Vargas*, 2008-NMSC-019, ¶ 8, 143 N.M. 692, 181 P.3d 684 ("Under the right for any reason doctrine, we may affirm the district court's order on grounds not relied upon by the district court if those grounds do not require us to look beyond the factual allegations that were raised and considered below." (internal quotation marks and citation omitted)); *see also Morris*, 77 N.M. at 416, 423 P.2d at 609. Even if the district court would have simply denied the motion to reinstate under Rule 1-060(B), leaving the order of dismissal without prejudice in place, Plaintiff would have been in the same position as she is now. Our review of the record indicates the applicable statutes of limitation have passed for all of Plaintiff's

complaints. *See, e.g.*, NMSA 1978, § 37-1-3 (1975) (establishing the statute of limitations for actions founded in contract law as six years). Plaintiff was therefore barred from refiling any of her causes of action once her motion to reinstate was denied, rendering the district court's conversion of order of dismissal without prejudice to a dismissal with prejudice immaterial. *Baca*, 2007-NMCA-019, ¶ 7.

Accordingly, we affirm the district court's order.

**IT IS SO ORDERED.**

---

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

---

**MICHAEL E. VIGIL, Judge**

---

**ROBERT E. ROBLES, Judge**