This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38467**

**SHEILA M. BRAVO,**

Petitioner-Appellee,

v.

**SALVADOR BRAVO,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Jarod K. Hofacket, District Judge**

Sheila M. Bravo
Deming, NM

Pro Se Appellee

Salvador Bravo
Chaparral, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Respondent appeals from a final decree of dissolution of marriage. We issued a notice of proposed summary disposition proposing to affirm, and Respondent has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**{2}** Respondent first continues to argue that the district court erred in allowing the case to be reinstated following a dismissal without prejudice after the thirty-day time limit of Rule 1-041(E)(2) NMRA had run. On this issue, the record indicates that Petitioner filed a petition for dissolution of marriage on February 14, 2017, and

Respondent filed a response on March 27, 2017. [RP 1, 29-30] On May 2, 2017, the district court entered an order for the parties to participate in mediation. [RP 47] On June 2, 2017, the mediator filed a report with the district court stating that all child custody and visitation issues had been settled and that the parties had agreed to a parenting and visitation plan in relation to their minor son and minor daughter. [RP 55] The parenting plan contemplated that Petitioner would have sole legal custody while Respondent was incarcerated, but that the arrangement could be revisited should Respondent be released. [RP 58] The plan also discussed that Petitioner would have their daughter assessed by Dr. Reymundo Molina to determine whether continued visits with Respondent in the prison would be in her best interests. [RP 58] The parenting plan was ordered by the district court on June 5, 2017. [RP 57]

{3}     No further action was taken in the case, and on January 11, 2018, the district court entered an order dismissing the pending claims without prejudice for lack of prosecution on its own motion. [RP 62] *See* Rule 1-041(E)(2) (permitting the district court to dismiss the plaintiff's claims on its own motion for failure to prosecute). On November 15, 2018, Petitioner filed a new petition for dissolution of marriage under the same case number as the previous petition. [RP 63] The November 15 petition did not mention the prior dismissal, nor did it seek reinstatement of the case under Rule 1-041(E)(2). *See id.* (stating that within thirty days after service of the order of dismissal, any party may move for reinstatement of the case). Respondent filed a response to the petition on April 5, 2019, in which he asserted his opposition to divorce on religious grounds. [RP 79]

{4}     The district court did not enter an order reinstating the case, but proceeded to address the newly filed petition under the old case number. On July 12, 2019, the district court held a hearing on the merits, and on July 18, 2019, the district court entered a final decree of dissolution of marriage. [RP 91] Respondent continues to argue that the district court erred in allowing the case to be reinstated because the thirty-day time limit to seek reinstatement under Rule 1-041(E)(2) had passed and because it failed to make a determination that "good cause" existed to allow the case to be reinstated. [MIO 1-3]

{5}     However, as we explained in our notice of proposed summary disposition, Petitioner's original petition for dissolution of marriage was dismissed without prejudice, meaning Petitioner could refile her case and reassert her claims. *See Bralley v. City of Albuquerque*, 1985-NMCA-043, ¶¶ 17-18, 102 N.M. 715, 699 P.2d 646 ("The words 'without prejudice' when used in an order or decree generally indicate that there has been no resolution of the controversy on its merits and leave the issues in litigation open to another suit as if no action had ever been brought."); *see also Foster v. Sun Healthcare Grp., Inc.*, 2012-NMCA-072, ¶ 25, 284 P.3d 389 (stating that when a case is dismissed without prejudice for failure to prosecute, a plaintiff may file a new action). As Petitioner was free to refile her petition for dissolution of marriage, we see no prejudice resulting to Respondent from the fact that the new petition for dissolution of marriage was allowed to proceed under the same case number as the prior petition. *See Kysar v. BP Am. Prod. Co.*, 2012-NMCA-036, ¶ 21, 273 P.3d 867 ("[E]ven if a district court

makes an erroneous ruling, it does not constitute reversible error unless it results in prejudice.").

**{6}** Respondent asserts that he was prejudiced because the district court "accept[ed] and rul[ed] on a meritless inadmissible 'parenting plan' from the initial filing[.]" [MIO 2] We understand Respondent to argue that the parenting plan ordered by the district court prior to the dismissal without prejudice of the first action was improperly considered by the district court at the hearing on the new petition. [MIO 2] Respondent argues that this was error because "[w]hen a case is dismissed without prejudice for failure to prosecute, the dismissal operates to leave the parties as if no action has been brought at all." *Foster*, 2012-NMCA-072, ¶ 25. Respondent further contends that, as a result of the district court improperly considering the parenting plan from the first action, he lost visitation privileges with his children. [MIO 2-3]

**{7}** We disagree with Respondent's contention that the district court could not consider the parenting plan from the prior case. The district court's order dismissing the case without prejudice for lack of prosecution specifically ordered that "all writs, judgments, final orders, or stipulations previously filed herein shall remain in full force and effect unless otherwise ordered." [RP 62] As noted, the district court had adopted the provisions of the parenting plan as an order of the court, and the district court was authorized to make such an order. *See* NMSA 1978, § 40-4-7(A) (1997) ("In any proceeding for the dissolution of marriage, division of property, disposition of children or spousal support, the court may make and enforce by attachment or otherwise an order . . . for the control of the children . . . as in its discretion may seem just and proper."). Additionally, the district court had jurisdiction to enter a prospective order relating to child custody and visitation on entering its order dismissing the case. *See* § 40-4-7(B)(4) (stating that on a final hearing in a dissolution of marriage case, the district court "may make such an order for the guardianship, care, custody, maintenance and education of the minor children . . . as may seem just and proper"). As a result, the child custody and visitation provisions of the parenting plan were in effect at the time Petitioner filed her new petition for dissolution of marriage, and the district court was free to hear and rule upon Petitioner's motion to modify its provisions. *See Thomas v. Thomas*, 1999-NMCA-135, ¶ 10, 128 N.M. 177, 991 P.2d 7 (recognizing that a district court may modify a custody order on a showing of substantial change in circumstances since the prior order that affects the best interest of the children). We therefore reject Respondent's argument that the parenting plan ordered by the district court in the prior proceeding could not be considered or discussed at the hearing on the new petition for dissolution of marriage.

**{8}** Respondent also argues that the thirty-day time limit described in Rule 1-041(E)(2) for reinstatement of a dismissed action created a statute of limitations applicable to Petitioner's ability to institute or maintain a divorce proceeding. [MIO 3] We disagree. We recognize that a statute of limitations may operate to bar reinstatement of an action under Rule 1-041(E)(2) when the motion to reinstate falls outside the thirty-day time limit imposed by the rule. *See Bankers Tr. Co. of Cal., N.S. v. Baca*, 2007-NMCA-019, ¶ 7, 141 N.M. 127, 151 P.3d 88 (recognizing that under Rule 1-041(E)(2), a

reinstatement reactivates the case at the same point in the proceedings where it was dismissed, and the plaintiff need not be concerned about the statute of limitations, but that if reinstatement is not sought, or is denied, any new action will be subject to the applicable statute of limitations). However, Respondent has cited to no authority to suggest that a statute of limitations exists in New Mexico to prevent a party from initiating a divorce action. *See ITT Educ. Servs., Inc. v. Tax'n & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (stating that this Court will not consider propositions that are unsupported by citation to authority). We therefore reject this argument.

**{9}** Respondent next argues that the district court erred in awarding the marital residence to Petitioner in lieu of past due child support. [MIO 5-6; RP 98-99] Specifically, Respondent argues that the marital residence was his separate property and that the district court erred in not recognizing that he had quitclaim deeded the property to his brother before Petitioner filed her petition for dissolution of the marriage. [MIO 5-6]

**{10}** As discussed in the notice of proposed summary disposition, the district court took judicial notice of the probate case in Case No. D-619-PB-2012-11, involving the administration of Respondent's mother's estate and the residence in question, and it found that both Respondent's and Petitioner's names were jointly listed on the deed of distribution. [RP 98] The district court also found that both parties jointly took out a mortgage on the property in order to buy out Respondent's siblings. [RP 98] Accordingly, the district court found that the parties had always held the home jointly. [RP 98] In light of this evidence, the district court did not err in not designating the marital residence as Respondent's separate property. *See* NMSA 1978, § 40-3-8(A) (1990) (setting out the definition of separate property).

**{11}** Additionally, we see no error in the district court's declining to accept Respondent's assertion that he had quitclaim deeded the marital residence to his brother. As stated, the district court took judicial notice of the probate case involving Respondent's mother's estate, which contained a copy of the deed to the marital residence showing that Respondent and Petitioner owned the home as joint tenants. The district court was not required to disregard the deed of record in the probate case and accept Respondent's contention that he quitclaim deeded the property to his brother, as Respondent did not introduce any such quitclaim deed into evidence. *See Bd. of Educ. v. James Hamilton Constr. Co.*, 1994-NMCA-168, ¶ 23, 119 N.M. 415, 891 P.2d 556 (stating that the statute of frauds requires that a conveyance of land be in writing).

**{12}** Respondent also appears to take issue with the district court's handling of this issue because there was some discussion of the parties buying out each other's interests in the marital residence during the initial divorce proceedings. [MIO 6] To the extent Respondent argues that the district court erred in ultimately ordering a different disposition than had been initially discussed, we note that district courts are free to revise decisions at any time prior to entry of a final judgment. *See Bouldin v. Bruce M.*

*Bernard, Inc.*, 1967-NMSC-155, ¶ 3, 78 N.M. 188, 429 P.2d 647 ("[A]n oral ruling by the trial judge is not a final judgment. It is merely evidence of what the court had decided to do—a decision that the trial court can change at any time before the entry of a final judgment.").

**{13}** Finally, Respondent argues that he was denied his right to confrontation at the hearing when he was absent for the portion of the hearing at which Petitioner testified that the children's therapist, Dr. Molina, had recommended that in-person visits at the prison be stopped due to their detrimental effect on the children. [MIO 4] Respondent argues that because he was not made aware of the testimony regarding Dr. Molina's recommendation, he was unable to rebut it and lost in-person visitation with the children as a result. [MIO 4-5] As this particular issue was not raised in the docketing statement, we understand Respondent to raise it pursuant to his motion to amend the docketing statement. *See* Rule 12-208(F) NMRA (stating that the Court of Appeals may allow the amendment of the docketing statement on good cause shown).

**{14}** "[T]he opportunity to confront a witness in a civil, as opposed to criminal, proceeding 'is not an absolute right. Instead the right [of due process] requires that parents be given a reasonable opportunity to confront and cross-examine a witness[.]' " *Hopkins v. Wollaber*, 2019-NMCA-024, ¶ 32, 458 P.3d 583 (quoting *In re Pamela A.G.*, 2006-NMSC-019, ¶ 12, 139 N.M. 459, 134 P.3d 746). "To maintain a due process claim based on inability to cross-examine a witness, the party must 'demonstrate that there is a reasonable likelihood that the outcome might have been different.'" *Id.* (quoting *In re Pamela A.G.*, 2006-NMSC-019, ¶ 14 (internal quotation marks and citation omitted)).

**{15}** We believe that Respondent has failed to make such a showing. We first note that Dr. Molina's recommendation was not the only evidence before the district court relevant to the visitation issue. Petitioner also testified that the in-person visitation in the prison was causing anxiety to the parties' minor daughter and that the daughter did not want to continue to visit at the prison. [DS 4-5] Respondent was present for this portion of the hearing and was able to present his own testimony that the daughter had stated that she did want the visits to continue. [DS 4] Additionally, Respondent has not shown that cross-examination regarding Dr. Molina's recommendation would have resulted in a different outcome with respect to in-person visitation. Respondent states that he would have presented an affidavit from a person with a master's degree in Christian Counseling who would give his opinion regarding the harmful effects generally accruing to children from not having in-person visits with an incarcerated parent as rebuttal. [MIO 4-5] However, such an affidavit would not rebut Dr. Molina's recommendation, as Dr. Molina's recommendation was based on an actual evaluation of the parties' children and was specific to their circumstances. *See Hopkins*, 2019-NMCA-024, ¶ 32 (rejecting the appellant's argument that her right to confrontation was violated by limited ability to cross-examine where the appellant did not demonstrate that the district court's custody decision would have been different).

**{16}** We therefore deny the motion to amend the docketing statement, as Respondent's confrontation issue is not viable. *See State v. Ibarra*, 1993-NMCA-040, ¶ 13, 116 N.M. 486, 864 P.2d 302 (denying the motion to amend the docketing statement where the issue the defendant sought to raise was not viable). For these reasons and those set out on our notice of proposed summary disposition, we affirm the district court.

**{17} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**SHAMMARA H. HENDERSON, Judge**