929 P.2d 984

Arthur S. WERSHAW, Plaintiff–Appellant,

v.

Benny DIMAS and Mary Dimas, his wife, Defendants–Appellees.

No. 17616.

Court of Appeals of New Mexico.

Nov. 15, 1996.

G. Holdt Garver, G. Holdt Garver, Chartered, Albuquerque, for Plaintiff–Appellant.

Robert D. Castille and David B. Lawrenz, Simons, Cuddy & Friedman, L.L.P., Santa Fe, for Defendants–Appellees.

## OPINION

FLORES, Judge.

Plaintiff appeals an order reinstating a case to the district court's docket and a judgment confirming an arbitration award. Our calendar notices proposed summary affirmance. Plaintiff has timely responded with arguments in opposition to our proposal. Not persuaded by his arguments, we affirm.

Plaintiff argues that the statute of limitations prohibited the reinstatement of this case to the district court's docket. This case was originally filed in 1992 as a petition to stay arbitration of a dispute arising from the sale of a business. A temporary restraining order was granted, but expired ten days later without a hearing. The arbitration took place and a decision was made in favor of Defendants. Defendants then filed a motion to confirm the arbitration award. After a hearing on the motion, it was agreed by the parties that no judgment would issue so long as Plaintiff was current on his payments under the purchase contract. Plaintiff apparently remained current on his payments and for a period of time there was no action in the case. In 1996, because of that lack of action, the case was dismissed pursuant to NMRA 1996, 1–041(E). Within thirty days of that dismissal, a motion to reinstate the case was filed by Defendants. NMRA 1–041(E)(2). Plaintiff argues that because the case was dismissed without prejudice and the statute of limitations had run on Defendants' claim against him, the case could not be reinstated on the district court's docket.

In making this argument, Plaintiff relies on *King v. Lujan*, 98 N.M. 179, 646 P.2d 1243 (1982). Our Supreme Court in *King* held that when a case is dismissed without prejudice, it "operates to leave the parties as if no action had been brought at all." *Id.* at 181, 646 P.2d at 1245. Thus, "[f]ollowing such [a] dismissal the statute of limitations is deemed not to have been suspended during the period in which the suit was pending." *Id.* If the statute of limitations runs before the complaint is re-filed, the case must be dismissed as being outside the statute of limitations.

We do not believe that *King* is applicable here. As we pointed out in the second calendar notice, the rules of civil procedure regarding involuntary dismissals have been substantially changed since the decision in *King.* Prior to the change, if a case was dismissed for lack of prosecution, a new complaint was required to be filed to place the matter back on the court's docket. *See Gathman–Matotan Architects & Planners, Inc. v. State, Dep't of Fin. & Admin.,* 109 N.M. 492, 787 P.2d 411 (1990). The new rules, however, allow for the reinstatement of a case that has been dismissed without prejudice for lack of prosecution upon a showing of good cause. NMRA 1–041(E)(2). Thus, a new complaint need not be filed in order to proceed. A party need only move for reinstatement of the case and show good cause for the lack of action in the case. *Vigil v. Thriftway Mktg. Corp.,* 117 N.M. 176, 179–80, 870 P.2d 138, 141–42 (Ct.App.1994). To "reinstate a case" means that the case is simply reactivated at the same point in the proceedings where it was dismissed. *See Black's Law Dictionary* 1287 (6th ed. 1990). Because a new complaint is not filed and the case is simply reactivated, there is no problem with the running of the statute of limitations. *Cf. Baca v. Atchison, Topeka & Santa Fe Ry. Corp.,* 121 N.M. 734, 735, 918 P.2d 13, 14 (Ct.App.), *cert. quashed,* 121 N.M. 783, 918 P.2d 369 (1996).

Plaintiff argued to the district court at the time of confirmation of the arbitration award that Defendants' acceptance of timely payments since 1988 waived their right to claim acceleration of the contract and promissory note. We agreed in our first calendar notice that acceptance of installment payments may act as a waiver of the right to exercise an acceleration clause. *See Goodwin v. District Court,* 779 P.2d 837 (Colo. 1989) (en banc). However, we pointed out that such a defense could not be raised here. The district court was simply being asked to confirm an arbitration award. As such, its review of the award is narrowly limited. *Fernandez v. Farmers Ins. Co.,* 115 N.M. 622, 625–26, 857 P.2d 22, 25–26 (1993). The district court had no authority to consider whether there was a waiver of the right to accelerate payments. In addition, under the standard of review set forth in *Fernandez,* this Court has no authority to review the merits of the controversy or review the award for errors of law or fact.

Plaintiff urges us to change this standard as it places arbitrators in a protected status, allowing them to completely ignore the law. We disagree and decline to do so. This standard has been established by our Supreme Court as a means of encouraging arbitration of certain conflicts. The courts will overturn an arbitrator's award only where there has been a showing of fraud or misconduct on the part of the arbitrator. Mistakes of law or fact do not generally establish fraud or misconduct. We do not believe that the mistake here was so gross as to establish fraud or misconduct on the part of the arbitrators. Thus, the district court did not err in confirming the arbitration award.

Finally, Plaintiff argues that res judicata and collateral estoppel should have prohibited the arbitration board from acting in this case. He argues that issues that could have been litigated in the earlier case cannot later be arbitrated. That may be true. *Cf. Rex, Inc. v. Manufactured Hous. Comm.,* 119 N.M. 500, 504, 892 P.2d 947, 951 (1995); *Shovelin v. Central N.M. Elec. Coop., Inc.,* 115 N.M. 293, 297, 850 P.2d 996, 1000 (1993). However, as we pointed out in the second calendar notice, the issues raised in the earlier court proceeding concerned only the security interest in the inventory that Plaintiff

was selling. Defendants simply sought to protect that security interest. There was no basis at that time to accelerate the note. Therefore, the issues regarding acceleration could not have been raised in the earlier court proceeding. The issues in the earlier court proceeding were neither the same as those in the arbitration, nor were they issues that should have been raised in the court proceeding. Thus, neither res judicata nor collateral estoppel apply here. *Torres v. Village of Capitan*, 92 N.M. 64, 582 P.2d 1277 (1978).

For the reasons stated herein and in the calendar notices, we affirm.

**IT IS SO ORDERED.**

BUSTAMANTE and ARMIJO, JJ., concur.