1998-NMCA-091

963 P.2d 539

**David MEIBOOM and Gary Doberman, Plaintiffs–Appellants,**

v.

**Stephen WATSON, Defendant–Appellee.**

No. 18021.

Court of Appeals of New Mexico.

May 8, 1998.

Certiorari Granted July 7, 1998.

Daymon B. Ely, Law Office of Daymon B. Ely, Albuquerque, William G. Walker, Walker & Van Heijenoort, Albuquerque, for Plaintiffs–Appellants.

Joseph Goldberg, Freedman, Boyd, Daniels, Hollander, Guttmann & Goldberg, P.A., Albuquerque, for Defendant–Appellee.

*OPINION*

APODACA, Judge.

{1}  Plaintiffs appeal the district court's denial of their motion for relief from judgment under Rule 1–060(B)(6) NMRA 1998. The district court previously dismissed their complaint.  Plaintiffs moved for reinstatement, and their counsel approved a stipulated order of dismissal.  Plaintiffs argue two points on appeal: (1) the district court had jurisdiction to review the case for reinstatement, and (2) the failures of Plaintiffs' attorney justify reinstatement of the case.  We hold that the district court erred in determining it did not have jurisdiction to consider Plaintiffs' request for reinstatement.  We therefore reverse and remand for a hearing on the merits of Plaintiffs' motion.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

{2}  Plaintiffs filed their initial complaint for intentional misrepresentation against Defendant in October 1993.  The district court initially dismissed the complaint for failure to plead fraud with particularity.  Plaintiffs filed an amended complaint in January 1994. In April 1994, the district court granted in part and denied in part Defendant's motion to dismiss for failure to plead fraud with particularity.

{3}  In February 1995, the district court, of its own accord, dismissed the amended complaint for failure to prosecute.  Plaintiffs moved to reinstate their amended complaint. The district court indicated it would reinstate the amended complaint provided that Plaintiffs satisfy certain conditions.  Plaintiffs, however, did not fulfill these conditions. Consequently, the district court did not reinstate the complaint.  In June 1995, Plaintiffs' counsel telephonically approved dismissal by stipulation of the parties.

{4}  In August 1996, Plaintiffs moved for relief from judgment under Rule 1–060(B)(6) because of their counsel's alleged failures in pursuing their case.  The district court denied Plaintiffs' motion on the grounds that the statute of limitations for the cause of action had lapsed, depriving the court of jurisdiction to reinstate.

## II.  DISCUSSION

### A.  Standard of Review

■  {5}  We review the district court's ruling on a motion for relief from judgment for an abuse of discretion.  *See Resolution Trust Corp. v. Ferri*, 120 N.M. 320, 323, 901 P.2d 738, 741 (1995).

### B.  Statute of Limitations

{6}  Relying on *King v. Lujan*, 98 N.M. 179, 646 P.2d 1243 (1982), the district court held that it did not have jurisdiction to reinstate the case.  *King* held that dismissal without prejudice did not toll the statute of limitations.  *See id.* at 181, 646 P.2d at 1245. Under *King*, "a dismissal without prejudice operates to leave the parties as if no action

had been brought at all." *Id.* Following this premise, the district court denied Plaintiffs' motion because the statute of limitations for the cause of action (intentional misrepresentation) stated in the amended complaint had elapsed. In his response to Plaintiffs' motion for relief from judgment, Defendant conceded that the statute of limitations began to run by March 1992 at the latest. Based on this date, the four-year statute of limitations under NMSA 1978, § 37–1–4 (1880), would have expired in March 1996. The district court dismissed the amended complaint in February 1995 for failure to prosecute. Defendants did not move for relief from judgment until August 1996, several months after the expiration of the statute of limitations as calculated under the method recognized in *King* for reinstatement cases. *See King,* 98 N.M. at 181, 646 P.2d at 1245.

■ {7} We agree with Plaintiffs that *King* did not deprive the district court of jurisdiction to reinstate the case. In *Wershaw v. Dimas,* 1996–NMCA–118, 122 N.M. 592, 594, 929 P.2d 984, 986, this Court explained that the change in civil procedure rules distinguished the current analysis of reinstatement and statutes of limitations. Previously, dismissal for lack of prosecution required the filing of a new complaint for reinstatement of the case. *See id.* Our Supreme Court in *Gathman–Matotan Architects & Planners, Inc. v. State Department of Finance & Administration,* 109 N.M. 492, 787 P.2d 411 (1990), set forth this procedure in construing *King,* 98 N.M. 179, 646 P.2d 1243. *Gathman–Matotan,* 109 N.M. at 495, 787 P.2d at 414, stated the rule in *King* as follows:

> Where an action is dismissed without prejudice because of a failure to prosecute, the action will be deemed not to interrupt the running of an otherwise applicable statute of limitations, and *a subsequent suit filed on the same claim as the first after the statute has run will be barred.*

(Emphasis added).

■ {8} Under presently controlling case law, however, the filing of a new complaint is unnecessary to reinstate a case. *Wershaw,* 122 N.M. at 594, 929 P.2d at 986. Upon granting a motion for reinstatement, the court simply reactivates the case at the same point in the proceedings where it was dismissed. Because a new complaint is not filed, the running of the statute of limitations does not present a problem. *Id.; see also Baca v. Atchison, Topeka & Santa Fe Ry. Corp.,* 1996–NMCA–054, ¶ 3, 121 N.M. 734, 918 P.2d 13 (explaining that because limitations had expired on plaintiff's claim, plaintiff could maintain his dismissed claim only if court would reinstate timely filed complaint).

■ {9} Applying the *Wershaw* analysis to this case, we reverse the district court's holding that the passage of the statute of limitations deprived it of jurisdiction to reinstate the case. The parties do not dispute that Plaintiffs timely filed their complaint. The filing of a complaint is commencement of the action that generally tolls the statute of limitations. *See King,* 98 N.M. at 180, 646 P.2d at 1244. The holding in *King,* 98 N.M. at 181, 646 P.2d at 1245, concerning the operation of dismissal without prejudice is not relevant to our present rules of civil procedure. *See Wershaw,* 122 N.M. at 594, 929 P.2d at 986. Plaintiffs did not seek to file a new lawsuit on their tort claims against Defendant, as the former civil procedure rules required. *See id.* Rather, they sought to revive and prosecute their dismissed lawsuit.

{10} Defendant seeks to distinguish the application of *Wershaw* here because that case concerned a motion to reinstate under Rule 1–041(E)(2) NMRA 1996 that was filed within thirty days of dismissal. This case, on the other hand, involved a motion for relief from judgment under Rule 1–060(B)(6) filed eighteen months after dismissal. Defendant's distinction is inconsequential. The *Wershaw* opinion evaluates *King,* 98 N.M. 179, 646 P.2d 1243, and *Gathman–Matotan,* 109 N.M. 492, 787 P.2d 411. These cases concern the running of the statute of limitations on a case dismissed for lack of prosecution. We believe that this is also the relevant focus of Plaintiffs' case.

{11} Defendant additionally argues that Plaintiffs' stipulated approval of dismissal supported the district court's denial of Plaintiffs' motion for relief from judgment. Plaintiffs, however, assert that their counsel

did not inform them of this stipulation. Consequently, Defendant's argument should be addressed in considering the merits of Plaintiffs' motion on remand, rather than in determining the district court's jurisdiction in this appeal.

{12} Defendant also contends that our Court in *Wershaw*, 122 N.M. 592, 929 P.2d 984, could not overrule our Supreme Court's pronouncements in *King*, 98 N.M. 179, 646 P.2d 1243, and *Gathman–Matotan*, 109 N.M. 492, 787 P.2d 411. *Wershaw*, however, distinguished its holding from *King* and *Gathman–Matotan* because of the change in our rules of civil procedure. *Wershaw*, 122 N.M. at 594, 929 P.2d at 986. As a result, the *Wershaw* analysis was proper and did not purport to overrule Supreme Court precedent.

### C. The Merits of Plaintiffs' Motion

{13} We will affirm on a ground not relied on by the district court unless it would be unfair to appellant to do so. *See Eldin v. Farmers Alliance Mut. Ins. Co.*, 119 N.M. 370, 376, 890 P.2d 823, 829 (Ct.App. 1994). Unfairness precludes us from affirming this case on a right-for-the-wrong-reason basis. The grant of a motion to set aside a judgment is within the discretion of the trial court. *See Resolution Trust Corp.*, 120 N.M. at 323, 901 P.2d at 741. The district court did not rule on the merits of Plaintiffs' motion by determining whether the requirements under *Resolution Trust* were met. Consequently, we remand this case to the district court for a determination of the motion's merits. *See id.* at 326, 901 P.2d at 744 (remanding to district court to ascertain whether under Rule 1–060(B)(6) movant diligently pursued her case but was thwarted by attorney's gross negligence).

{14} On remand, the district court may also consider Defendant's arguments that Plaintiffs are estopped from objecting to the denial of Rule 1–060(B)(6) relief and that Plaintiffs failed to seek relief within a reasonable time. The record is insufficient for us to review these arguments on appeal.

{15} We distinguish this case from *Padilla v. City of Santa Fe*, 107 N.M. 107, 753 P.2d 353 (Ct.App.1988). *Padilla* stated that the appellate court is in as good a position as the district court to interpret documentary evidence. *See id.* at 109–10, 753 P.2d at 355–56. Consequently, the court in *Padilla* reasoned that the appellate court could determine the facts and draw its own conclusions from documentary evidence. *Id.*

{16} Here, however, the parties did not have the opportunity to fully argue the merits of their case. The district court based its ruling on the statute of limitations and did not thoroughly evaluate the parties' evidence on the merits of Plaintiffs' motion for reinstatement. *Cf. Amaya v. Santistevan*, 114 N.M. 140, 145–46, 835 P.2d 856, 861–62 (Ct. App.1992) (remanding to district court to evaluate additional factual evidence).

### III. CONCLUSION

{17} We conclude that the district court erred in holding that it did not have jurisdiction to consider Plaintiffs' motion on the grounds that the statute of limitations had run. We therefore reverse the district court's order denying Plaintiffs' motion for relief from judgment. We remand for a hearing on the merits of Plaintiffs' motion.

{18} **IT IS SO ORDERED.**

DONNELLY and BUSTAMANTE, JJ., concur.