FILED
United States Court of Appeals
Tenth Circuit

April 23, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JOSEPH MONTANO,

Plaintiff-Appellant,

v.

PUBLIC SERVICE COMPANY OF
NEW MEXICO,

Defendant-Appellee.

No. 14-2146
(D.C. No. 1:14-CV-00079-WJ-SCY)
(D. New Mexico)

ORDER AND JUDGMENT[*]

Before **BACHARACH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Mr. Joseph Montano sued for retaliation under Title VII of the Civil

Rights Act and race discrimination under the New Mexico Human Rights

Act.[1] He filed a complaint in state court in November 2012, but the action

was dismissed without prejudice in June 2013 for failure to diligently

---

[*] The Court has determined that oral argument would not materially
aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th
Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs. Our
order and judgment does not constitute binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.

[1] Mr. Montano also claimed breach of an implied contract. On this
claim, the district court granted summary judgment to the defendant.
Mr. Montano states that he is appealing the summary judgment ruling, but
he has not presented any argument on why the ruling was incorrect.

prosecute. The state court reinstated the action in November 2013, after the limitations period would have expired. After the defendant removed the case to federal court, the federal district court dismissed the action based on timeliness. In the ensuing appeal, we must decide if the suit was timely. Our answer turns on the meaning of the state court's reinstatement. In our view, the reinstatement reactivated the original action, which was timely.[2] Thus, we reverse.

We review the dismissal de novo. *See Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010) ("We review de novo the dismissal of an action under Rule 12(b)(6) based on the statute of limitations."). In engaging in de novo review, we accept the complaint's factual allegations as true and construe them in the light most favorable to the plaintiff. *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001).

The issue of timeliness turns on the limitations period and the timing of the suit. Mr. Montano had to seek administrative relief. *See Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) ("It is well-established that Title VII requires a plaintiff to exhaust his or her

---

[2]     In its motion to dismiss, the defendant did not challenge the timeliness of the original complaint, although it did "not concede that the lawsuit [had been] filed within 90 days of receiving any right to sue letters." Appellant's App. at 17. Because the defendant has not challenged the timeliness of the original complaint (filed in November 2012), we may assume it was timely filed for purposes of this appeal.

administrative remedies before filing suit."); *Lobato v. State Env't Dep't*, 267 P.3d 65, 68 (N.M. 2011) (stating that claims under the New Mexico Human Rights Act "require administrative exhaustion before a plaintiff can bring suit"). If dissatisfied, Mr. Montano could sue within 90 days of the agency's determination. *See* 42 U.S.C. § 2000e-5(f)(1) (2012); N.M. Stat. Ann. § 28-1-13(A) (2005).

Mr. Montano timely sued in state court on November 15, 2012. But the suit was dismissed without prejudice for lack of prosecution. In dismissing the action, a state court said Mr. Montano could move for reinstatement within 30 days. He did,[3] and the state court ordered reinstatement in November 2013. The issue of timeliness turns on when the action began: November 2012 (when Mr. Montano filed the state-court suit) or November 2013 (when the action was reinstated).

If we rely on the date of the original complaint, the suit would be timely. Though this action was dismissed, it was reinstated. Thus, we must determine the effect of reinstatement.

Interpreting New Mexico law on reinstatement, the state intermediate court of appeals held in *Wershaw v. Davis* that reinstatement serves to reactivate the previously dismissed action. 929 P.2d 984, 986 (N.M. Ct.

---

[3]    Mr. Montano called his filing a "motion to reopen," but it was treated as a motion for reinstatement.

App. 1992). The court explained that there was no need for a new complaint because the operative complaint was the one already filed. *See id.* ("Because a new complaint is not filed and the case is simply reactivated, there is no problem with the running of the statute of limitations."). Under *Wershaw*, the suit is deemed "filed" in November 2012 because that suit was eventually reactivated. With a filing date in November 2012, the action was timely.

The defendant argues that *Wershaw* is distinguishable for three reasons.

1. The New Mexico Supreme Court has stated that *King v. Lujan* remains good law.

2. Policy considerations favor strict enforcement of the 90-day limitations period.

3. The complaint became a nullity upon the order of dismissal.

We reject all of these arguments.

In *King v. Lujan*, the New Mexico Supreme Court held that the statute of limitations is not tolled by a dismissal for lack of prosecution. 646 P.2d 1243, 1244-45 (N.M. 1982). The defendant argues that this portion of *King* remains good law. For the sake of argument, we can assume the defendant is correct. But this part of *King* is beside the point because we need not address, one way or the other, whether dismissal

tolled the limitations period. The issue involves when the action began rather than the possibility of tolling.[4]

The defendant also urges policy considerations supporting strict enforcement of the 90-day limitations period. But these policy considerations do not leave us free to ignore the state district court's reinstatement of the original complaint. Our task is simply to determine when the action began. When the court reactivated the original suit, it was as though it had never been dismissed. In these circumstances, policy considerations should not interfere with our straightforward task of determining when the operative complaint was filed.

Finally, the defendant argues that when the complaint was dismissed, the complaint became a nullity, as though it had never been filed. Appellee's Resp. Br. at 4-7. That was true before New Mexico created the procedure for reinstatement. *See King*, 646 P.2d at 1244-45 ("[W]e hold that a dismissal without prejudice operates to leave the parties as if no

---

[4]     The defendant relies on *Meiboom v. Watson*, 994 P.2d 1154 (N.M. 2000). There the New Mexico Supreme Court dealt with the effect of relieving a party from an order of dismissal under N.M. Stat. Ann., Rule 1-060(GB)(6). *Meiboom*, 994 P.2d at 1157. Pointing out that *King* and *Wershaw* involved a "significantly different" statute, the court concluded that the cases were neither controlling nor relevant. *Id.* at 1157-59. In drawing this conclusion, the New Mexico Supreme Court acknowledged that the rules had changed since *King*, obviating the need to file a new complaint after a dismissed case had been reinstated. *Id.* at 1158-59. After acknowledging this change in the rules, the New Mexico Supreme Court pointed out that it was "not disturbing *Wershaw*'s holding." *Id.* at 1159.

action had been brought at all."). But New Mexico later created a procedure for reinstating the dismissed action,[5] which the state court utilized to reactivate the suit. The state court could not reactivate something that had never existed. Thus, upon reinstatement, it is no longer possible to view the dismissed action as if it never existed.

Because the original suit was timely and was reactivated, it should not have been dismissed. Accordingly, we reverse and remand for further proceedings.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[5]    As the court explained in *Wershaw*:

[T]he rules of civil procedure regarding involuntary dismissals have been substantially changed since the decision in *King*. Prior to the change, if a case was dismissed for lack of prosecution, a new complaint was required to be filed to place the matter back on the court's docket. The new rules, however, allow for the reinstatement of a case that has been dismissed without prejudice for lack of prosecution upon a showing of good cause. Thus, a new complaint need not be filed in order to proceed.

929 P.2d at 986 (citations omitted).