**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2017-NMCA-044**

**Filing Date:  February 14, 2017**

**Docket No. 34,845**

**STATE OF NEW MEXICO**
**UNINSURED EMPLOYERS' FUND,**

　　　**Petitioner-Appellant,**

**v.**

**GREG GALLEGOS, a/k/a GREG McCOOL,**
**d/b/a MONSTER CONSTRUCTION & ROOFING,**

　　　**Respondent-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Victor S. Lopez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Richard Bustamante, Special Assistant Attorney General
Albuquerque, NM

for Appellant

Greg Gallegos
Albuquerque, NM

Pro Se Appellee

**OPINION**

**HANISEE, Judge.**

**{1}**　　The State of New Mexico Uninsured Employers' Fund (the UEF), administered by the Workers' Compensation Administration (WCA), appeals from the district court's refusal

1

to reinstate the UEF's twice-dismissed petition for entry of judgment (the 2006 Petition)[1] against Respondent Greg Gallegos. The 2006 Petition was brought to enforce a supplementary compensation order issued by a Workers' Compensation Judge (WCJ) requiring that Respondent repay the UEF funds expended on Respondent's behalf for benefits owed to his injured employee. Both prior dismissals, the most recent of which was in 2008 (2008 Dismissal), were occasioned by the UEF's failure to diligently prosecute the 2006 Petition. We affirm and take this opportunity to clarify applicable law.

**BACKGROUND**

**{2}** In 2004 Respondent's employee (Worker) was injured on the job and filed a claim for benefits under the Workers' Compensation Act (the Act). The WCA determined that Worker was eligible for benefits but that Respondent did not have workers' compensation insurance coverage as required by state law. Mediation was held, of which Respondent was notified but failed to attend. Afterward, a recommended resolution was submitted to the WCA by the mediator. In it, the mediator advised that Respondent was in default with respect to Worker's claim and recommended that Worker receive retroactive compensation, as well as continuing medical care. Respondent received the recommended resolution via certified mail on December 28, 2004, yet lodged no objection to its contents.

**{3}** Because Respondent lacked workers' compensation insurance coverage, the UEF paid Worker's medical bills and indemnity payments. On February 18, 2005, the UEF sued Respondent, seeking reimbursement of all monies paid by the UEF related to Worker's 2004 claim. Following additional mediation conferences in April and June of 2005, which Respondent again failed to acknowledge or attend, a second recommended resolution was issued that specifically recommended that Respondent be required to reimburse the UEF $16,222.26.

**{4}** In November 2005 a WCJ held a hearing, of which Respondent was personally notified but did not attend. On November 21, 2005, the WCJ issued a supplementary compensation order finding Respondent in default and ordering Respondent to repay the UEF $16,222.26 in one lump sum by December 22, 2005, after which (and in the absence of payment by Respondent) the UEF was authorized to "proceed to the district court for an enforcement order."

**{5}** As authorized by and based on Respondent's failure to comply with the WCJ's order, the UEF filed the 2006 Petition on June 20, 2006. The 2006 Petition was brought under NMSA 1978, Section 52-5-10 (1990) and sought "entry of an executable judgment enforcing the [s]upplementary [c]ompensation [o]rder in the amount of $16,222.26, interest, attorney[] fees and costs, and . . . any other appropriate sanction[.]" Respondent filed a pro se answer

---

[1]Because Respondent failed to file an answer brief or respond to this Court's ensuing Order to Show Cause, this case was submitted only on the UEF's brief in chief.

2

on July 25, 2006, asserting that (1) he "was not notified of hearings . . . and was not able to contest any part of the case[,]" and (2) "[s]ome facts are questionable[.]"

**{6}** On March 13, 2007, the district court, acting sua sponte, dismissed the UEF's 2006 Petition for lack of prosecution because "no significant action [had] been taken in 180 or more days in connection with any and all pending claims[.]" The dismissal was without prejudice and informed the parties that either could move for reinstatement within thirty days. Fifteen days later, the UEF moved to reinstate the 2006 Petition, maintaining that the UEF experienced "some difficulty in finding . . . Respondent, but served him in June, 2006, at home; a copy of the service was sent to the [c]ourt, but apparently [was] lost." The UEF's motion to reinstate reiterated that its action was one "to enforce the judgment of the [WCA.]" The district court reinstated the 2006 Petition on March 29, 2007.

**{7}** On April 24, 2008, after another year had passed, in which the case again languished, a newly assigned district court judge once more dismissed the 2006 Petition for lack of prosecution. Again, dismissal was sua sponte, without prejudice, and permitted reinstatement to be sought within thirty days. This time, the UEF did not move to renew its collection effort against Respondent in district court.

**{8}** On February 9, 2015—nearly seven years later, and following an internal audit that revealed the UEF had never completed its collection action against Respondent—the UEF filed a motion to reinstate (the 2015 Motion to Reinstate) the 2006 Petition under Rule 1-041(E)(2) NMRA. In the motion, the UEF argued that it could demonstrate "good cause for reinstatement" and asserted that "the UEF is a state government entity which does not have a statute of limitations period by which it must file a reimbursement-related cause of action[.]"

**{9}** The UEF concurrently sought to amend the 2006 Petition, enumerating thirteen points that related to the WCA proceedings in 2004 and 2005 and also notifying the district court that Respondent had changed his name. Amendments to the 2006 Petition did not affect its primary mission: "entry of an executable judgment against Respondent[.]" Notably, both 2015 UEF pleadings were filed under the original 2006 docket number.

**{10}** Respondent filed a pro se answer to the UEF's 2015 Motion to Reinstate denying entirely any liability to the UEF. In his answer, Respondent stated: "[(1)] this case was dismissed in 2005-6[,]" and "[(2) Worker] fabricated with the help of his attorney all the substance of [this] case, all to establish employment. [Worker] was *not* an employee."

**{11}** The district court held a hearing on April 22, 2015, at which the UEF and Respondent appeared. That same day, the district court issued an order denying the UEF's 2015 Motion to Reinstate based upon the UEF's "tardiness" and "fail[ure] to comply with Rule 1-041(E)[.]"

**{12}** On May 7, 2015, the UEF filed a motion to reconsider pursuant to Rule 1-059(E)

3

NMRA. In it, the UEF argued that: (1) " 'passage of time' [was] not an appropriate basis on which to deny reinstatement" and that " 'good cause' is the only relevant factor to apply"; (2) the district court was obligated to reinstate the UEF's 2006 Petition because Section 52-5-10(B) imposes a mandatory requirement that the district court enter a default judgment against Respondent; and (3) the district court's refusal to reinstate the 2006 Petition would "hinder the UEF's ability to carry forth and enforce the default judgment order of the WCA[,]" an outcome that would be "contrary to law, an abuse of discretion[,] and leads to absurd results." On May 13, 2015, again relying on Rule 1-041(E), or in the alternative the district court's "inherent power" to "dismiss a cause of action for failure of a plaintiff or petitioner to timely prosecute the matter[,]" and additionally because it found that the UEF had "shown no circumstances under Rule 1-060(B) [NMRA] . . . to justify re-opening[,]" the district court denied the UEF's motion to reconsider. The UEF timely appealed.

**DISCUSSION**

**{13}** On appeal, the UEF argues that the district court abused its discretion by denying the UEF's 2015 Motion to Reinstate the 2006 Petition. First, it asserts that "good cause" supported reinstatement of the 2006 Petition and that the district court, which denied the UEF's motion based on its "tardiness," failed to apply the correct standard of review. Second, the UEF relies on the Act's enforcement provision, Section 52-5-10(B), which mandates entry of judgment by the district court upon petition by the WCA director, as well as the absence of an applicable statute of limitations restricting the time within which the UEF may enforce an order of reimbursement issued by the WCA. We address each of the UEF's arguments in turn.

**I.    The District Court Did Not Abuse Its Discretion by Denying the UEF's 2015 Motion to Reinstate the 2006 Petition**

**{14}** The UEF argues that the district court applied an incorrect standard in denying reinstatement of the 2006 Petition. According to the UEF, the district court's reliance on "tardiness" to deny the UEF's 2015 Motion to Reinstate was error and contrary to our precedent. It contends, instead, that "good cause" is the sole applicable determinative criteria. We disagree.

**{15}** We review a district court's answers to questions of law, including those that interpret Rules of Civil Procedure, de novo. *Bankers Trust Co. of Cal., N.S. v. Baca*, 2007-NMCA-019, ¶ 3, 141 N.M. 127, 151 P.3d 88. Regarding procedural rules, "we apply the same canons of construction as applied to statutes and, therefore, interpret the rules in accordance with their plain meaning." *Gilmore v. Duderstadt*, 1998-NMCA-086, ¶ 44, 125 N.M. 330, 961 P.2d 175. "We first look to the language of the rule." *Frederick v. Sun 1031, LLC*, 2012-NMCA-118, ¶ 17, 293 P.3d 934 (internal quotation marks and citation omitted). "If the rule is unambiguous, we give effect to its language and refrain from further interpretation." *Id.* (internal quotation marks and citation omitted). We review a district court's decision to dismiss a case for inactivity and its denial of a motion to reinstate for an

abuse of discretion. *See Summit Elec. Supply Co. v. Rhodes & Salmon, P.C.*, 2010-NMCA-086, ¶¶ 6, 9, 148 N.M. 590, 241 P.3d 188.

{16}    Rule 1-041(E)(2) provides, in pertinent part, that when an action is dismissed by the court sua sponte for lack of prosecution,"[*w]ithin thirty . . .* days after service of the order of dismissal, any party may move for reinstatement of the case. Upon good cause shown, the court shall reinstate the case[.]" (Emphasis added.) Our Supreme Court's application of this language instructs that the filing of a timely motion to reinstate—one submitted within thirty days of service of the order of dismissal—is a necessary predicate to a district court's examination of the merits of whether to reinstate the case under Rule 1-041(E)(2) for good cause shown. *See*, *e.g.*, *Meiboom v. Watson*, 2000-NMSC-004, ¶ 19, 128 N.M. 536, 994 P.2d 1154 (comparing Rule 1-041(E)(2) and Rule 1-060(B)(6) and explaining that "[a] party seeking reinstatement under Rule 1-041(E)(2) has thirty days to file a motion[,]" whereas Rule 1-060(B)(6) "has no specific time limitation and instead requires only that the motion be filed within a 'reasonable time' "). Consequently, motions to reinstate made outside of Rule 1-041(E)(2)'s thirty-day window are not within the purview of Rule 1-041(E)(2) and must, therefore, rely on an alternative mechanism of procedure such as Rule 1-060(B).[2]

{17}    In arguing that "tardiness" on its part is an invalid consideration and that "good cause" is the only barometer by which a district court need resolve such motions to reinstate, the UEF writes out the threshold thirty-day requirement contained within Rule 1-041(E)(2). It effectively invites us to misconstrue Rule 1-041(E)(2) to permit reinstatement of a case dismissed for lack of prosecution "[w]ithin thirty . . . days" *or* for "good cause shown[.]" But that is not what the rule says. Rather, its plainly articulated requirements of both a timely motion to reinstate *and* a showing of good cause regarding the period of inactivity are judicially promulgated mandates by which we must abide. *See Frederick*, 2012-NMCA-118, ¶ 17 (explaining that "[i]f the rule is unambiguous, we give effect to its language and refrain from further interpretation" (internal quotation marks and citation omitted)). As *Meiboom* recognizes, to garner a "good cause" analysis under the rule, a party must pre-conditionally file its timely motion to reinstate. 2000-NMSC-004, ¶ 19 (discussing *Wershaw v. Dimas*, 1996-NMCA-118, 122 N.M. 592, 929 P.2d 984, a Rule 1-041(E)(2) case, and emphasizing that it was "relevant that *Wershaw* involved a motion timely filed within the thirty-day limit"). Failure to comply with the thirty-day filing deadline may result in the district court losing jurisdiction over the matter altogether. *See Meiboom*, 2000-NMSC-004, ¶ 16 n.1

---

[2]In some cases, district courts have discretion to extend time limits contained in the Rules of Civil Procedure even after the time limit has expired. *See* Rule 1-006(B)(1)(b) NMRA ("When an act may or must be done within a specified time, the court may . . . extend the time on motion made after the time . . . has expired if the party failed to act because of excusable neglect."); *see also H-B-S P'ship v. Aircoa Hospitality Servs., Inc.*, 2008-NMCA-013, ¶ 20, 143 N.M. 404, 176 P.3d 1136 (explaining that "Rule 1-006(B) gives the district court the discretion to extend the time for a party to act under the Rules of Civil Procedure"). In this case, no such extension was sought by the UEF.

(explaining that "if the statute of limitations had expired and the moving party filed outside the thirty-day time limit, relief under Rule 1-041(E)(2) would be denied and the district court would lack jurisdiction to reinstate the case"). Rule 1-041(E)(2) provides no mechanism by which a stand-alone "good cause" analysis may justify reinstatement beyond expiration of the thirty-day reinstatement window. *See Summit Elec. Supply Co.*, 2010-NMCA-086, ¶ 7 (explaining that when a district court "dismisses a case on its own motion following a 180-day period of inactivity[,]" reinstatement should be granted if "good cause is shown for the [180-day period of] inactivity"). A party may move by right to reinstate within thirty days of dismissal. But whether the motion will be granted depends on the existence of the moving party's good cause justification for failing to prosecute its cause of action during the 180 days preceding dismissal. *See id.*; Rule 1-041(E)(2).

**{18}**     The UEF's reliance on cases[3] in which good-cause reinstatement was permitted on motions filed beyond the thirty-day limit is misplaced. This Court has not, as the UEF contends, "reversed trial courts' denials of motions to reinstate regardless of the passage of time[.]" While this Court reversed the district court's denial of the plaintiff's motion to reinstate in *Vigil v. Thriftway Marketing Corp.* despite the fact that the plaintiff's motion was made three months after dismissal, we did so because the WCA, which had jurisdiction over the case and had issued the dismissal, "had failed to send copies of the dismissal order to the parties." 1994-NMCA-009, ¶¶ 5, 20, 117 N.M. 176, 870 P.2d 138. We explained that "the fact that the order of dismissal was not mailed to [the plaintiff] until August means that [the plaintiff] had until September to file his motion to reinstate the case." *Id.* ¶ 13. The plaintiff indeed moved to reinstate within thirty days of receiving his copy of the dismissal, as required by Rule 1-041(E)(2). *Vigil*, 1994-NMCA-009, ¶ 6. Although this Court spoke to a district court's need to balance case flow and efficiency alongside the goal of deciding cases on their merits, *id.* ¶ 17, *Vigil* does not stand for the proposition that the passage of time is an inappropriate consideration in denying reinstatement as the UEF urges. And here, the UEF claims no absence of notice of the 2008 dismissal order.

**{19}**     *Summit Elec. Supply Co.* is equally distinguishable. There, the district court's order "closing" the plaintiffs' case provided that "[n]o reopen fee shall be required if the movant seeks reinstatement within sixty days after termination of the bankruptcy stay." 2010-NMCA-086, ¶¶ 3, 7 (internal quotation marks omitted). The plaintiffs complied with the deadline set by the district court and moved to reinstate just nine days after the bankruptcy proceedings concluded. *Id.* ¶¶ 4, 8. The district court denied the plaintiffs' Rule 1-041(E)(2)

---

[3]We only address the formal opinions the UEF relies on because unpublished memorandum opinions are not controlling authority, and we need not distinguish non-precedential cases. *See State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, *aff'd by Gonzales v. State*, 1991-NMSC-015, 111 N.M. 363, 805 P.2d 630.

motion to reinstate,[4] and we reversed. *Summit Elec. Supply Co.*, 2010-NMCA-086, ¶¶ 8-9, 16. Part of our determination that the plaintiffs had demonstrated good cause for reinstatement rested on the fact that they had so moved "within nine days of conclusion of the bankruptcy proceedings[,]" which we held satisfied the "ready, willing, and able" prong of the good-cause standard. *Id.* ¶ 8. The UEF's claim that "*Summit* is especially instructive in showing that passage of time is never a consideration in reviewing a motion to reinstate and absolutely never a basis on which to deny a motion to reinstate" mischaracterizes that case.

**{20}** The next case the UEF misconstrues is *Kinder Morgan CO$_2$ Co. v. New Mexico Taxation & Revenue Dep't*, 2009-NMCA-019, 145 N.M. 579, 203 P.3d 110. There, this Court affirmed the district court's decision to vacate its Rule 1-041(E)(2) dismissal and reinstate a case under Rule 1-060(B)(1)[5] based on excusable neglect. *Kinder Morgan CO$_2$ Co.*, 2009-NMCA-019, ¶¶ 8, 48. We explained that the plaintiff's counsel "received notice of [the] thirty-day Rule 1-041(E)(2) deadline but failed to enter a reminder in the firm's calendaring system. Having missed the deadline for reinstatement, [the plaintiff] filed a Rule 1-060(B)(1) motion for relief[,]" approximately two months after the dismissal. *Kinder Morgan CO$_2$ Co.*, 2009-NMCA-019, ¶ 7. If anything, *Kinder Morgan CO$_2$ Co.* reinforces our understanding of Rule 1-041(E)(2)'s thirty-day limit for filing a motion to reconsider and does nothing to further the UEF's argument that the district court erred by denying its 2015 Motion to Reinstate based on tardiness.

**{21}** In denying the UEF's 2015 Motion to Reinstate, the district court calculated that "2,555 days (six years)" had passed since issuance of the 2008 dismissal order. The district court found that the UEF "did *not* file a motion to reinstate within 180 [sic] days [as] mandated by Rule 1-041 following entry of the [c]ourt's April 24, 2008 [dismissal order]." Thus the district court concluded that "[a]s a result of [the UEF's] tardiness, the . . . motion failed to comply with Rule 1-041(E), and is therefore not well-taken."

---

[4]The district court also granted the defendant's motion to dismiss with prejudice under Rule 1-041(E)(1), which we also held to be reversible error. *Summit Elec. Supply Co.*, 2010-NMCA-086, ¶¶ 10-14.

[5]Rule 1-060(B) provides a mechanism for seeking relief from a judgment or order in six categories of cases: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) voided judgments; (5) where a prior judgment has been satisfied, released, discharged, or reversed or otherwise vacated; and (6) for "any other reason justifying relief from the operation of the judgment[.]" There are different time limits and standards that apply depending on which of the six reasons is relied upon for seeking the reopening or reconsideration of a judgment or order. *See* Rule 1-060(B)(6). As explained in Subsection (B)(6), a motion made under Rule 1-060(B)(1), as in *Kinder Morgan CO$_2$ Co.*, must be made within one year after the judgment, order, or proceeding was entered or taken.

**{22}** Without ever addressing the thirty-day limit contained in the rule itself, the UEF harps on the fact that the district court mistakenly stated that the time for moving to reinstate was 180 days rather than thirty days. We agree with the UEF that the district court referred to the wrong time frame and should have found that the UEF had failed to reinstate within thirty, rather than 180, days per the rule. *See* Rule 1-041(E)(2). The district court appears to have conflated the 180-day period referred to in Rule 1-041(E)(2), which, as the UEF describes it, is "simply the 'triggering' mechanism for the court to . . . dismiss without prejudice on its own accord[,]" with the thirty-day period within which reinstatement may be sought following dismissal. However, the UEF fails to explain how the district court's inadvertent mistake, as we see it, either means that the district court applied the wrong standard or that the error somehow transformed its decision into an abuse of discretion, as the UEF argues. The district court simply stated the wrong time limit within which a party must exercise its right to move to reinstate. Our analysis and the result would be no different had the district court properly stated that the UEF did not file its motion within thirty days of dismissal.

**{23}** Under the circumstances of this case, there is no basis upon which we can conclude that the district court abused its discretion by denying the UEF's 2015 Motion to Reinstate the 2006 Petition that had been dismissed nearly seven years earlier.

**II.     The District Court's Denial of the UEF's 2015 Motion to Reinstate Its 2006 Petition Was Not Contrary to Law and Does Not Preclude the Possibility of a New Petition Under Section 52-5-10(B)**

**{24}** Having established that the district court acted within its discretion when it denied the UEF's Rule 1-041(E)(2) motion, we next address the UEF's contention that the district court misapplied Section 52-5-10(B), which, the UEF argues, compelled reinstatement of the 2006 Petition.

**A.     Section 52-5-10(B) Did Not Compel the District Court to Grant the UEF's Rule 1-041(E)(2) Motion to Reinstate Its 2006 Petition**

**{25}** The UEF argues that the district court's denials must be analyzed "within the context of Section 52-5-10 of the Act" and that the district court erred when it "failed to follow the mandatory directives" of that statute. We disagree.

**{26}** We review issues of law, including statutory interpretation, de novo. *Trinosky v. Johnstone*, 2011-NMCA-045, ¶ 11, 149 N.M. 605, 252 P.3d 829. "In construing a statute, our charge is to determine and give effect to the Legislature's intent." *Id.* (internal quotation marks and citation omitted). We begin by examining "the plain language of the statute, giving the words their ordinary meaning[.]" *N.M. Indus. Energy Consumers v. N.M. Pub. Reg. Comm'n*, 2007-NMSC-053, ¶ 20, 142 N.M. 533, 168 P.3d 105. "When a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *Trinosky*, 2011-NMCA-045, ¶ 11 (alteration,

8

internal quotation marks, and citation omitted). "[E]ven when we review for an abuse of discretion, our review of the application of the law to the facts is conducted de novo. Accordingly, we may characterize as an abuse of discretion a discretionary decision that is premised on a misapprehension of the law." *Harrison v. Bd. of Regents of the Univ. of N.M.*, 2013-NMCA-105, ¶ 14, 311 P.3d 1236 (internal quotation marks and citations omitted).

**{27}**   Section 52-5-10 establishes the process by which a prevailing party may enforce a workers' compensation order—either for compensation owed directly to a worker or reimbursement of compensation paid by the UEF—when the employer is determined to have defaulted. To enforce the administrative judgment, the aggrieved party that has attained a workers' compensation order may petition the district court for an entry of judgment. *See* § 52-5-10(B); *see also* § 52-5-10(C) ("Proceedings to enforce a compensation order or decision shall not be instituted other than as provided by the [Act.]"). Section 52-5-10(B) directs that the district court "shall enter judgment against the person in default[.]" It also prohibits the district court from imposing filing fees and reviewing or supplementing the WCJ's findings and conclusions, except to impose sanctions. *Id*.

**{28}**   By combining the statute's mandatory and prohibitory language, it is clear to us that the Legislature intended to largely relegate the district court to an administrative role when applying Section 52-5-10(B). Thus, we do not disagree with the UEF that "when presented with a petition for entry of a default judgment[,]" the district court is limited to (1) accepting the WCJ's supplementary compensation order as valid, and (2) entering judgment against the person in default.[6] *See* § 52-5-10(B). However, it is also clear from the plain language of Section 52-5-10(B) that an existing petition for entry of judgment by the WCA director is a necessary precondition without which the district court is not under Section 52-5-10(B)'s mandatory directive to enter judgment. The question, then, is whether the UEF met this necessary pre-condition and whether such a petition was properly before the district court when it considered the 2015 Motion to Reinstate. If not, our inquiry ends because the statute's mandatory directive in this regard would not have been followed.

**{29}**   As this Court has explained, "[w]hen a case is dismissed without prejudice for failure to prosecute, the dismissal operates to leave the parties as if no action has been brought at all." *Foster v. Sun Healthcare Grp., Inc.*, 2012-NMCA-072, ¶ 25, 284 P.3d 389. In order to bring a dismissed action back before the district court, a party must first do one of two things. One option is to revive the prior action pursuant to an applicable rule, such as Rule 1-041(E)(2), *see Bankers Trust Co. of Cal. v. Baca*, 2007-NMCA-019, ¶ 6 (explaining that "[a]n action that is dismissed without prejudice under Rule 1-041(E)(2) cannot proceed

---

[6]We note that while the UEF argues that the district court is limited to these two actions, it apparently has never challenged the district court's ability to dismiss sua sponte under Rule 1-041(E)(2), either in this case or in others.

9

except by leave of the court granted for good cause shown on a motion for reinstatement"[7]), or Rule 1-060(B), *see Kinder Morgan CO₂ Co.*, 2009-NMCA-019, ¶ 7 (illustrating that, under certain circumstances, Rule 1-060(B)(1) may provide an alternative path to reinstatement where a party has failed to timely file a Rule 1-041(E)(2) motion to reinstate). *See also Meiboom*, 2000-NMSC-004, ¶¶ 13, 19 (noting that Rule 1-060(B)(6) provides courts with "equitable powers to grant relief from final judgment" and "requires only that the motion be filed within a 'reasonable time' "). Alternatively, a party may file a new cause of action if the statute of limitations has not run. *See Bankers Trust Co. of Cal.*, 2007-NMCA-019, ¶ 8 (explaining that a party whose cause of action is dismissed for failure to prosecute is not precluded from "instituting a second action with a new complaint, as long as the applicable statute of limitations has not run").

**{30}** Here, when the 2006 Petition was dismissed for failure to prosecute in 2008, it left the UEF as if no petition had ever been filed. *See Foster*, 2012-NMCA-072, ¶ 25. When the UEF filed the 2015 Motion to Reinstate and an amended petition under the 2006 Petition's docket number, this did not combine to revive the 2006 Petition. To the contrary, in the absence of an order reinstating the 2006 Petition or the submission of an altogether new petition by the UEF, no petition was pending before the district court to which Section 52-5-10(B) applied. *See Bankers Trust Co. of Cal.*, 2007-NMCA-019, ¶¶ 6, 8. For the reasons already discussed, that effort was properly determined to be unsuccessful by the district court. And once the district court rightly denied the 2015 Motion to Reinstate by application of Rule 1-041(E)(2), the piggybacked amended petition was in essence rendered a nullity on which the district court could not act.

**{31}** The UEF's argument that Section 52-5-10(B) mandated reinstatement of the 2006 Petition under Rule 1-041(E)(2) fails because it puts the cart before the horse. The UEF itself acknowledged the pre-condition of a valid petition when it argued at the hearing on the 2015 Motion to Reinstate that it was "ready, willing, and able to proceed to make collection efforts. We just need the prerequisite of, one, this case being reinstated . . . and then, two, an entry of a default judgment." But there is nothing in Section 52-5-10(B) that compels or permits the district court to ignore applicable Rules of Civil Procedure, and the UEF's suggestion that Section 52-5-10(B) trumps Rule 1-041(E)(2), requiring the district court to grant the UEF's 2015 Motion to Reinstate, is incorrect. *See, e.g.*, *Maples v. State*, 1990-NMSC-042, ¶¶ 8-10, 110 N.M. 34, 791 P.2d 788 (resolving a conflict between Rule 12-601 NMRA and NMSA 1978, Section 52-5-8(A) (1989), related to the time limit for appealing a workers' compensation decision and explaining that when vested with jurisdiction, "it is inherently within the power of the court to set its own [applicable] time limitations" and holding that the rule prevailed over the statute); *State ex rel. Bliss v. Greenwood*, 1957-NMSC-071, ¶ 19, 63 N.M. 156, 315 P.2d 223 (explaining that a "statutory regulation must preserve to the court sufficient power to protect itself from indignities and to enable it

---

[7]As discussed above, such a motion for reinstatement must be timely filed in order to proceed to a good-cause analysis.

effectively to administer its judicial functions").

**{32}** Because Section 52-5-10(B) does not create a categorical right to an entry of judgment but rather gives the WCA the right to petition for an entry of judgment, *see* § 52-5-10(B) (providing that the WCA director "*may . . . petition*" the district court (emphasis added)), its mandate to the district court remains dormant unless and until that right is exercised in a manner that comports with requirements of civil procedure. Here, the UEF opted to employ, it turns out erroneously, Rule 1-041(E)(2) to seek resuscitation of its long-dismissed 2006 Petition. Given that failure of the 2015 Motion to Reinstate meant that no pending petition existed on which the district court could act, it did not err in not following Section 52-5-10(B)'s mandatory directives.

**B.      There Is Nothing to Prevent the UEF From Filing a New Petition for Entry of Judgment With the District Court**

**{33}** The UEF argues that the district court's refusal to reinstate its 2006 Petition will "enable and empower [Respondent] to escape entirely his statutorily required and judicially ordered obligation to reimburse [the] UEF." This, the UEF urges, "is a decision contrary to law which will lead to absurd results if allowed to stand." We agree with the UEF that it would be an absurd result and contrary to law—specifically Section 52-5-10(B)—if the district court's decision resulted in the UEF being barred from pursuing reimbursement from Respondent in accordance with the supplementary compensation order. However, we disagree with the UEF's stated belief that it lacks an alternative remedy to pursue enforcement of the supplementary compensation order.

**{34}** Only three things could bar the UEF from filing a new petition for an entry of judgment and seeking to enforce its right to reimbursement: (1) a statute of limitations, (2) a provision within Section 52-5-10(B) limiting the time in which such a petition could be brought, or (3) a prior dismissal *with* prejudice, which would have functioned as an adjudication on the merits and have res judicata effect.

**{35}** Regarding the first, the UEF correctly states that it—as a state entity—is not subject to a statute of limitations for bringing an action to enforce the supplementary compensation order. Our Supreme Court explained in *Directors of Insane Asylum of New Mexico v. Boyd*, 1932-NMSC-053, ¶ 10, 37 N.M. 36, 17 P.2d 358, that "[s]tatutes of limitation ordinarily do not run against the state." In reaching this conclusion, the *Boyd* Court reasoned that the loss of a claim by the state "would fall on all of the people of the state" and held that the state's asylum—"an agency of the state"—could seek reimbursement of funds it expended for the care of one of its "nonindigent patients." *Id.* ¶¶ 7, 10-11. Our Supreme Court has also made clear that "the general rule [is] that statutes of limitations do not run against the state unless the statute expressly includes the state or does so by clear implications[.]" *Bd. of Educ. v. Standhardt*, 1969-NMSC-118, ¶ 27, 80 N.M. 543, 458 P.2d 795. Here, there is no statute of limitations that expressly includes state entities such as the UEF or does so by clear implication.

11

**{36}** Next, Section 52-5-10(B) imposes no time limit within which the UEF must petition the district court for an entry of judgment. It simply provides that, after a supplementary compensation order has been made by a WCJ, the WCA "director *may . . .* petition [the] district court solely for the purposes of entry of judgment upon the supplementary compensation order[.]" *Id.* (emphasis added). The supplementary compensation order in this case, which provides that if reimbursement was not "paid . . . by December 22, 2005 . . .[,] the UEF *may* proceed to the district court for an enforcement order[,]" reinforces the open-ended nature of the WCA's ability to petition the district court. The UEF brings to our attention a list of examples of other recent actions the UEF has brought in district court to have judgment entered against non-compliant employers. One of those examples—*NMUEF v. Foster*, D-202-CV-2013-06385 (N.M. 2nd Jud. D., July 7, 2014) (order of default judgment)—illustrates this point. In that case, the supplementary compensation order was filed on August 27, 2008, and the WCA did not petition the district court for entry of judgment until August 6, 2013, nearly five years later. The district court, after dismissing the case for lack of prosecution and then reinstating it on the UEF's motion to reinstate, filed an order of default judgment in 2014. Thus, the UEF's five-year delay in petitioning the district court for an entry of judgment did not affect its right under Section 52-5-10 to file its petition.

**{37}** Lastly, given that the district court's dismissal was without prejudice, the UEF is not barred by res judicata from refiling its claim against Respondent. We surmise that the UEF's mistaken perception that the district court's refusal to reinstate its case acts as a bar to any remedy by the UEF may stem from its misconception about whether its claim was dismissed with or without prejudice. The UEF states that the district court's orders denying its 2015 Motion to Reinstate and its motion to reconsider "fail to specify whether the dismissal is with or without prejudice." However, we note that the district court's orders from which the UEF is appealing simply denied the UEF's motions, and its order denying the 2015 Motion to Reinstate specifically ordered that "the present complaint shall . . . remain DISMISSED." We understand and conclude the district court intended this to refer to the district court's 2008 dismissal order, which was clearly a dismissal "without prejudice."

**{38}** We note as well that Rule 1-041(E)(2) itself limits a district court to dismissing without prejudice. *See id.* ("[T]he court on its own motion . . . may dismiss *without prejudice*[.]" (emphasis added.)) Our Supreme Court has explained that dismissal under Rule 1-041(E) "[does] not destroy [a] plaintiff's rights but only [takes] from him a remedy." *Briesmeister v. Medina*, 1966-NMSC-157, ¶ 5, 76 N.M. 606, 417 P.2d 208; *see also Smith v. Walcott*, 1973-NMSC-074, ¶ 15, 85 N.M. 351, 512 P.2d 679 ("[A]n order of dismissal entered sua sponte by the trial court [does] not constitute an adjudication upon the merits. Hence, the doctrine of res judicata is not applicable[.]"); *Foster*, 2012-NMCA-072, ¶ 25 ("When a case is dismissed without prejudice for failure to prosecute, the dismissal operates to leave the parties as if no action has been brought at all. After a case is so dismissed, a plaintiff may file a new action . . . and the first suit has no bearing on the later action." (citation omitted)).

12

**{39}** Because there is neither an applicable statute of limitations nor a time limit contained in Section 52-5-10(B), and because dismissal of the UEF's 2006 Petition was without prejudice, we conclude that there is nothing to prevent the UEF from filing a new petition for entry of judgment against Respondent. Our conclusion is in accord with the underlying purpose of the Act. This Court explained in *Mieras v. Dyncorp*, "[t]he general objective underlying the enactment of workers' compensation legislation is to ensure that the industry carry the burden of compensating injuries suffered by workers in the course of employment." 1996-NMCA-095, ¶ 30, 122 N.M. 401, 925 P.2d 518 (internal quotation marks and citation omitted). Additionally, "[worker]'s compensation benefits were enacted to prevent . . . [workers] from becoming dependent upon the public welfare." *Wylie Corp. v. Mowrer*, 1986-NMSC-075, ¶ 5, 104 N.M. 751, 726 P.2d 1381; *see also Boyd*, 1932-NMSC-053, ¶ 10 (holding that a statute of limitations could not be enforced against a state agency because the cost of the lost claim "would fall on all of the people of the state").

## CONCLUSION

**{40}** We hold that the district court did not abuse its discretion in denying the UEF's 2015 Motion to Reinstate its 2006 Petition. While the UEF's renewed commitment to its statutory obligation to seek reimbursement from non-compliant employers is laudable, *see* NMSA 1978, § 52-1-9.1(G) (2004), we cannot overlook or excuse the UEF's historically lackadaisical approach in this case and its reluctance to acknowledge the rule that "[t]he duty rests upon the claimant at every stage of the proceeding to use diligence to expedite [its] case." *Pettine v. Rogers*, 1958-NMSC-025, ¶ 6, 63 N.M. 457, 321 P.2d 638. Our ruling today requires adherence to our Rules of Civil Procedure, which are not advisory, but in a manner also consistent with the Legislature's mandate to the UEF and the district court to hold non-compliant employers accountable.

**{41}** We affirm.

**{42} IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**STEPHEN G. FRENCH, Judge**