This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40661**

**SANDRA MARIE BRIGNONI,**

 Plaintiff-Appellant,

v.

**JERONIMO DEL BOZQUE,**

 Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Court Judge**

Atler Law Firm, P.C.
Timothy J. Atler
Jazmine J. Johnston
Albuquerque, NM

Cardenas Law Firm LLC
Christopher K.P. Cardenas
Las Cruces, NM

for Appellant

Mynatt Springer P.C.
Bradley A. Springer
Robert A. Cabello
Las Cruces, NM

for Appellee

**MEMORANDUM OPINION**

**YOHALEM, Judge.**

**{1}** Plaintiff appeals from the district court's order granting Defendant's motion to dismiss Plaintiff's complaint. We issued a calendar notice proposing to reverse. Defendant has filed a memorandum in opposition, and Plaintiff has filed a memorandum in support, which we have duly considered. Having given due consideration to Defendant's arguments, this Court reverses the district court's order dismissing Plaintiff's complaint.

**{2}** In our calendar notice, we proposed to summarily reverse on the grounds that Plaintiff had filed her complaint within the statute of limitations under the Wrongful Death Act (WDA), NMSA 1978, §§ 41-2-1 to -4 (1882, as amended through 2001), and that even though her case was dismissed for lack of prosecution, Plaintiff timely moved to have it reinstated such that her case was reactivated "at the same point in the proceedings where it was dismissed" and that the statute of limitations was not an issue. [CN 5-6] In his memorandum in opposition, Defendant "concedes the case law is settled that once a case is reinstated, pursuant to Rule 1-041(E)(2) NMRA, it is reactivated 'at the same point in the proceedings where it was dismissed.'" [MIO 1 (quoting *Wershaw v. Dimas*, 1996-NMCA-118, ¶ 4, 122 N.M. 592, 929 P.2d 984)]. As such, Defendant acknowledges that "the statute of limitations was no longer at issue in this matter." [MIO 1]

**{3}** Although Defendant concedes the statute of limitations issue, he argues that the district court's order dismissing Plaintiff's complaint is "still correct because any amendment would be highly prejudicial" and that this Court can affirm a district court ruling that is right for any reason. [MIO 1] Specifically, Defendant argues that if Plaintiff is allowed to amend her complaint, he will be "prejudiced by [the] shift in focus of defense from a loss of consortium claim to a wrongful death claim especially considering [his] advanced age." [MIO 4]

**{4}** We remain unpersuaded, however, that the district court's order was not erroneous. Under Rule 1-015(A) NMRA, "[a] party may amend its pleading once as a matter of course at any time before a responsive pleading is served." Here, Defendant did not file a responsive pleading to Plaintiff's original complaint. Rather, Defendant filed a motion to dismiss, which our case law instructs is not a responsive pleading. [RP 37-41] *See Moffat v. Branch*, 2002-NMCA-067, ¶ 22, 132 N.M. 412, 49 P.3d 673 (stating that "[m]otions to dismiss . . . are not responsive pleadings for purposes of Rule 1-015"). Because Defendant did not file a responsive pleading, Plaintiff should have been allowed to amend her complaint once as a matter of right before entry of the final order. Accordingly, we conclude that Plaintiff was entitled to amend her complaint as a matter of right. *See Malone v. Swift Fresh Meats Co.*, 1978-NMSC-007, ¶ 6, 91 N.M. 359, 574 P.2d 283 (stating that because "[the d]efendants had not filed a responsive pleading at the time [the plaintiff] filed his amended claim," "[t]here was no necessity for obtaining the trial court's order granting leave to file [the] amended claim"); *see also* Rule 1-015(A) (stating that "a party may amend its pleading only by leave of court or by written consent of the adverse party").

**{5}** For the reasons stated in our notice of proposed disposition and herein, we reverse the district court's order granting Defendant's motion to dismiss.

**{6}** **IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**KATHERINE A. WRAY, Judge**